**KNOWLTON v. ATCHISON, T. & S. F. RY. CO.**

No. 6358.

United States District Court
W. D. Missouri, W. D.

Jan. 8, 1951.

64

Quinn & Peebles and C. A. Randolph, all of Kansas City, Mo., for plaintiff.

John H. Lathrop, Sam D. Parker, James F. Walsh, and Donald H. Sharp, all of Kansas City, Mo., for defendant.

RIDGE, District Judge.

Plaintiff has served defendant with forty (40) requests for admissions of fact under Rule 36(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Defendant has made response to twenty-eight (28) of them. To the remaining twelve (12), objection has been lodged for various reasons. Tersely stated, the objections so made are that said requests do not call for admissions of fact, within the meaning of Rule 36(a), but call for conclusions, hearsay, medical and lay opinions and for matters not within the knowledge of defendant. Some requests are objected to because "the matters therein are half-truths, which if admitted would deprive defendant of an opportunity to explain or clarify by cross-examination." Plaintiff counters the attack made upon the instant request with the proposition that the objections leveled thereat are not valid or well-taken within the meaning, intent and purpose of the rule, and, therefore, should at this stage of the case be overruled. Neither in the motion in which said objections are stated, nor in its suggestions in support thereof, does defendant undertake to point out how, or in what respects, the requests here considered are subject to the specific objection or objections made thereto. No authorities are cited in support of any of said objections. They are made and asserted in most general terms.

Rule 36(a)(2) authorizes written objections to requests for admissions of fact "on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part." No question of privilege or relevancy here being asserted concerning the instant requests for admission; the validity of the above objec-

tions must be considered from the standpoint as to whether they are such as may validly be made within the intendment and purpose of the "otherwise improper" provision contained in Rule 36(a), supra.

■ When the 1946 amendment was made to Rule 36(a) so as to specifically provide for objections to be made to requests for admissions, it was not intended thereby that the District Courts would be called upon to determine and settle before trial every type of objection that might be leveled at request for admissions touching their propriety or admissibility at trial. Notwithstanding such amendment, said rule still remains operative and is intended to work, for the main, extra-judicially. Parties must make use thereof and respond to requests propounded thereunder within the time and manner therein specified, and at the peril of the sanctions provided within the rule itself, and Rule 37(c), without permission or guidance and directions from the court as to how they shall use said rule or assume the burdens thereof. It is only when a request for admission is privileged, irrelevant, or "otherwise improper," that the extra-judicial character of said rule has been discarded and resort may be had to the court, before trial, by one required to make a response thereunder.

■ The term "otherwise improper" a contained in Rule 36(a) does not permit the making of general objections to requests for admissions of fact on the ground that they make call for conclusions, hearsay, opinions, or for matters not within the knowledge of defendant, such as here made. The term "otherwise improper" contained in Rule 36(a) is a broad one, but, notwithstanding that fact, its application is circumscribed by being addressed "to the sound discretion of the district courts." Moore's Federal Practice, 2d ed., Vol. 3, 2722. It was not intended thereby to authorize or permit the making, and obtaining, of rulings before trial on every objection that may be leveled at requests for admissions. Said provision was inserted in Rule 36(a) so that protective orders, such as are contemplated in Rule 30(b), might be made to the end that "absurdly onerous," unfair and burdensome requests or tactics, might not pervert the benefits intended to be accomplished by provisions of Rule 36(a).

■ That the term "otherwise improper" contained in said rule was not intended to encompass objections, the nature of which is addressed to the propriety or admissibility at trial of the matter contained in requests and responses made under Rule 36(a), is apparent from Form 25, appended to the Rules. Said form reveals that it is contemplated that requests and responses propounded and given under Rule 36(a) are made "subject to all pertinent objections to admissibility which may be interposed at the trial." Rule 84 provides that the official forms appended to the rules are intended to indicate, subject to the provisions of the Rules the use to which the rules may be adapted. They serve as valuable guides to their interpretation. See Comm. "The Official Forms" 4 F.R.S., p. 954, etc. Form 25 was amended in 1946, when the "otherwise improper" provision was inserted in Rule 36(a). It is noted that the provision contained in the original form relating to objections to be made as to admissibility at trial of requests and responses, was not modified or changed, notwithstanding the insertion of the "otherwise improper" term in Rule 36(a). Therefore, it should be apparent that Rule 36(a) does not contemplate objections grounded on the fact of conclusion, hearsay, opinion, etc., when the validity thereof is to be tested by their admissibility at trial rather than their relevancy.

■ Assuming that some of the requests here made do call for conclusions, and lay or expert medical opinions. From the issues in this action as revealed by the pleadings, we cannot, by a mere perusal of the requests, say that such may not be admissible at the trial of this action. Here, plaintiff alleges that his decedent received medical attention at the direction and command of the defendant under circumstances which defendant should have known would cause physical harm to his decedent. Lay and medical opinions will probably be rampant and pertinent to the issues in this case. If so, they may be relevant. To so state is not to hold that they may be admissible in evidence if no proper foundations are laid

therefor. Consequently, we cannot at this stage of the instant action make any determination of that situation and should not be called upon so to do, concerning the subject-matter of the instant requests.

▮▮ The only semblance of validity to any objection here made under the "otherwise improper" provision in the above rule, is that which asserts that the matter requested in one or two requests relates "to half-truths, which if admitted would deprive defendant of an opportunity to explain or clarify by cross-examination." Requests for admission of a fact that relate to a "half-truth" are improper. But without some enlightenment from defendant as to what the whole truth is, how, may we ask, can this Court now determine that the instant requests only relate to half-truths. That situation is not apparent on the face of the requests. The assertion that the "half-truths" here requested would deprive "defendant of an opportunity to explain or clarify by cross-examination" is without merit. A party making response to requests for admissions of fact under Rule 36(a), supra, is not deprived of the right to explain, clarify, or elucidate concerning the subject-matter thereof. He may do so either in the response made to the requests or by the examination or cross-examination of witnesses produced at the trial.

▮ Objection to the effect that some of the instant requests make call "for matters not within the knowledge of defendant" is wholly invalid. A party must make response to requests for admissions under Rule 36(a) even though he has no personal knowledge thereof, if the truth thereof may be made known by reasonable inquiry. See Dulansky v. Iowa-Illinois Gas & Electric Co., D. C., 92 F.Supp. 118, and cases therein cited. If defendant has no knowledge of the subject-matter of the requests here considered, and cannot reasonably determine the existence and truth thereof, that is an answer which may be made, in good faith, to a request; not an objection thereto.

▮ The vice, if any, residing with the instant requests for admissions of fact, is that some of them make call for compounded admissions of fact, i. e. they are not simple and direct. It seems apparent that if response is to be made to said requests by defendant, they will of necessity have to be couched with many qualifications and limitations. Requests for admissions of fact propounded under Rule 36(a) that make manifest such a situation are not wholly improper within the purview of said rule, but they are an inelegant and wrongful use thereof. Requests made under said rule should be simple and direct, so that they may be categorically admitted or denied, without too many qualifications, or limitations, or require modifying facts to be stated. If they are not so framed, then effective use of said rule is frustrated. Cyc. Fed.Pro., 2d ed., Vol. 6, p. 898. Requests under said rule should be limited to singular relevant facts, so that the party required to respond thereto need not make an analysis thereof, or unmix or unblend the request in making answer thereto. Kraus v. General Motors Corp., D. C., 29 F.Supp. 430. They should not be so framed as to permit voluntary statements or unresponsive matter to be inserted in the responses made thereto by the adverse party. Neither should the discovery medium provided by said rule be used to discover facts as such, but should be directed to those facts in issue, the truth of which is apparent and may be shown not to have been substantially controverted after trial has been completed. Otherwise, the courts will be placed in a dilemma as to the propriety of imposing sanctions permissible under Rule 37(c), if such are later requested, and to be allowed.

▮ The instant requests when considered in relation to the state of the pleadings, interrogatories filed, and discussions had at one pre-trial conference, strongly indicate that plaintiff here may be making use of the discovery medium provided in Rule 36(a) to discover facts, and not to obtain admissions concerning matters that are relevant to the issues and which cannot reasonably be said to be in dispute. The latter is the true purpose of the rule, so as to circumscribe the issues, that the length of trial will be shortened, and the real issues in dispute clearly presented to the trier of facts. Requests made under Rule 36(a)

for the former purpose are an improper use of the rule. If a party desires to sound out an adversary's knowledge relative to the existence of facts, it should be done by resort to other discovery methods and not by way of requests made under Rule 36(a), supra.

From the issues presented in this action, we perceive no absurdly onerous, or unfair burden placed on defendant by the propounding of the instant requests, to which objections have been made. The safeguards provided in Rule 36(a) will permit defendant to make response thereto without harm. Any perversion of the intent and purpose of Rule 36(a) by plaintiff to discover facts rather than controverted issues of fact known or knowable to the parties is not so apparent as to render the instant requests invalid. Therefore, defendant's objections to requests for admissions of fact herein should be overruled.

It is so ordered.