488

**SHAWMUT, Inc. v. AMERICAN VISCOSE CORP. et al.**

Civ. A. 8797.

United States District Court
D. Massachusetts.

March 25, 1952.

Robert Meserve and Nutter, McClennen & Fish, all of Boston, Mass., for plaintiff.

J. N. Welch and Hale & Dorr, all of Boston, Mass., for defendant.

McCARTHY, District Judge.

This cause came on to be heard on the defendants' objections to the plaintiff's requests for admission of facts and genuineness of documents. Rule 36(a) (2), Federal Rules of Civil Procedure, 28 U.S.C.A.

The number of requests is fairly large (one hundred and six) but not unreasonable in view of the complexity of this case. See Moscowitz v. Baird, D.C., 10 F.R.D. 233.

The plaintiff asks the defendants to admit that the nineteen letters specified in paragraph 1 and its subdivisions are genuine and that they were sent as indicated, and that they were received by the addressees in the ordinary and regular course of mail. The defendant American Viscose and the defendant Atlantic Rayon have filed objections with particular reference to 13 and answers as to 6. The objections are over-ruled. The test of relevancy has been met. The question of privilege does not arise with respect to the letters and the objection that the defendant Atlantic Rayon is unable to answer as to three of the letters for lack of information is not a sound one. This information can be obtained by reasonable inquiry. Reduced to its lowest terms, the plaintiff asks that the defendants admit that the letters were sent by particular persons and received by others on or about certain dates. In making this decision it must be understood that the question of admissibility of these documents at a later date is still open.

There are eighty-seven statements set forth in the subparagraphs of paragraph 2. The defendants have each filed objections as to 60, although there are only 56 as to which both defendants have filed objections.

This memorandum would be unduly lengthened by a consideration of each of the individual subparagraphs. The purpose is better served by considering each of the general grounds of objection, specifying those subparagraphs only as to which objection is sustained.

The objections directed to subparagraphs 62 through 65, inclusive, and 67, are sustained. The plaintiff here seeks to elicit information as to what advice counsel gave to the defendant American Viscose on a particular occasion. This matter is ordinarily privileged. Certain testimony by the president of the Viscose Division of American Viscose Corporation was adduced at the taking of his deposition by counsel for the plaintiff which, it is claimed, amounts to a waiver of the privilege as to this subject matter. Knowlton v. Fourth Atlantic National Bank, 264 Mass. 181, 162 N.E. 356; Inhabitants of Woburn v. Hinshaw, 101 Mass. 193. There is, however, a distinction to be drawn. It appears that the witness testified that a decision was made by the defendant American Viscose *as a result of* advice obtained from counsel. These requests are designed to draw from the defendants the advice itself.

Perhaps the most common objection made to the remainder of the requests is that it is not possible to answer without qualification. Rule 36(a) (2) provides, however, that "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder."

It is objected also that many of the requests call upon the defendants to admit controversial issues and that they seek to elicit opinions. A quotation from the opinion of Judge Ridge in Knowlton v. Atchison, T. & S. F. Ry. Co., D.C., 11 F.R.D. 62, 65, is appropriate: "The term 'otherwise improper' as contained in Rule 36(a) does not permit the making of general objections to requests for admissions of fact on the ground that they make [sic] call for conclusions, hearsay, opinions, or for matters not within the knowledge of defendant, such as here made. The term 'otherwise improper' contained in Rule 36(a) is a broad one, but, notwithstanding that fact, its application is circumscribed by being addressed 'to the sound discretion of the district courts.' Moore's Federal Practice, 2d ed., Vol. 3, 2722. It was not intended thereby to authorize or permit the making, and obtaining, of rulings before trial on every objection that may be leveled at requests for admissions. Said provision was inserted in Rule 36(a) so that protective orders, such as are contemplated in Rule

30(b), might be made to the end that 'absurdly onerous,' unfair and burdensome requests or tactics, might not pervert the benefits intended to be accomplished by provisions of Rule 36(a)." The term "otherwise improper", therefore, is not a "catch-all" to encompass objections addressed to the admissibility at the trial of matter contained in the requests, but provides a means for protecting the party called upon to answer, from onerous and unfair requests.

I am not intimating that the defendants have not ground for complaint as to the form of some of these requests. The purpose of this rule can be served best by formulating requests capable of being answered "cleanly and without qualification". That result cannot always be accomplished. It is, however, the end toward the accomplishment of which counsel should strive. In this case, I cannot conclude that to ask the defendants to perform the task of answering the requests, objections to which have been over-ruled, would be unduly onerous or burdensome.

Objections sustained as to subparagraphs 62 through 65, inclusive, and 67 of paragraph 2. The remainder of the objections are over-ruled. Defendants are to have thirty days within which to file answers.