JOSEPH A. STOUT, SR,, *ET AL.*, PLAINTIFFS, v.
SANDRA TONER, *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided November 15, 1973.

*Mr. Jay H. Greenblatt* for plaintiffs (*Messrs. Greenblatt
& Greenblatt,* attorneys).

*Mr. Barry A. Perlow* for defendant Hunt-Wesson Foods,
Inc. (*Messrs. Horuvitz & Perlow,* attorneys).

FRANCIS, J. S. C. This matter involves a motion to compel
answers to interrogatories concerning prior similar accidents

in a negligence case. Defendant Hunt-Wesson Foods, Inc. challenges the propriety of the interrogatories.

Defendant cites several cases which hold that "proof of comparable prior accidents to others likewise attributable to the same condition, has despite its relevancy been closely restricted over the past years mainly for pragmatical reasons, such as its tendency to create a confusion of issues, undue consumption of time and an inordinate prejudicial influence." *Miller v. Muscarelle,* 67 *N. J. Super.* 305 (App. Div. 1961) ; *Karmazin v. Pennsylvania R. R. Co.,* 82 *N. J. Super.* 123 (App. Div. 1964) ; *Post v. Manitowoc Eng. Corp.,* 88 *N. J. Super.* 199 (App. Div. 1965) ; *Muscato v. St. Mary's Catholic Church,* 109 *N. J. Super.* 508 (App. Div. 1970). All of the above cases adhere to the minority view held in New Jersey on the admissibility of such evidence.

The point raised by plaintiff, however, is that the above authorities concern themselves with admissibility of evidence rather than a proper subject matter for discovery. It is obvious in the above-cited case authorities that testimony concerning notice could well depend upon a showing of prior similar occurrences. In addition, the discovery might produce proofs of direct negligence in the failure to provide warning by proper and adequate labeling of the product.

Finally, the entire area of admissible evidence cannot be anticipated by counsel, and while courts in their discretion usually disallow harassing fishing expeditions, they should not stifle discovery by requiring a showing of the particular admissible end result that is sought.

For the reasons stated defendant is directed to answer the interrogatories.