173 N.J. Super. 517 (1980)
414 A.2d 618
THOMAS JOHN VAN LANGEN, ETC. ET AL., PLAINTIFFS,
v.
WAYNE CHADWICK ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division  Atlantic County.
Decided March 24, 1980.
*520 Robert Colquhoun for defendant Joint Business Adventure.
*521 Barry D. Cohen for plaintiffs (Cooper, Perskie, Katzman, April, Niedelman & Wagenheim, attorneys).
Michael Dailey for defendants Evantash and Friedman (Montano, Summers, Mullen & Manuel, attorneys).
MILLER, J.S.C.
This matter comes before the court on motions by two codefendants in a personal injury action. The suit arose out of a motor vehicle accident at the Shore Mall parking lot in Cardiff, New Jersey, that rendered the plaintiff a paraplegic.
Defendant Joint Business Adventure (a/k/a Shore Mall Shopping Center) seeks to have plaintiff's requests for admissions stricken. Codefendant Evantash and Friedman, architects, seek to compel the designation of books, treatises and authorities to be relied upon by plaintiff at trial. They also request information that plaintiffs may have acquired respecting their expert. The motions will be discussed serially.
The motion to strike is based upon defendant Joint Business Adventure's assertion that the questions set forth are irrelevant, immaterial and incompetent. Additionally, defendant feels that the requests were merely intended as harassment.
A perusal of plaintiff's request for admissions reveals question which concern facts about prior accidents occurring at the same location. More particularly, the questions seek facts which, if admitted, are relative to issues of defective parking lot design, negligent design and dangerous conditions and notice thereof. The 14 requests for admissions appear to be straightforward, not overly lengthy and are within defendant's own knowledge. The objection is focused upon their relevance.
R. 4:22-1 provides in part:
A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters of fact *522 within the scope of R. 4:10-2 set forth in the request, including the genuineness of any documents described in the request ...
Requests for admissions are not discovery devices to ascertain relevant facts. They were designed to ascertain an adversary's position with respect to these facts. Klimowich v. Klimowich, 86 N.J. Super. 449 (App.Div. 1965). The purpose of the rule is to facilitate trial by weeding out facts about which there is no true controversy but which are often difficult or expensive to prove. Williams v. Marziano, 78 N.J. Super. 265 (Law Div. 1963); Hunter v. Erie R.R. Co., 43 N.J. Super. 226 (Law Div. 1956).
R. 4:22-1 is similarly patterned upon F.R.C.P. 36, as amended in 1970. The Advisory Committee Notice to the amended R. 36 stated:
Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be. [Moore's Federal Practice, Vol. 4a § 36.01(7) (2d ed. 1978)].
The effect of an admission is conclusively established unless the court permits a withdrawal or amendment of the admission. R. 4:22-2, F.R.C.P. 37. Failure to admit the truth of any matter wherein the requesting party proves the truth of such matter may entitle that party to reasonable expenses and attorney's fees in making that proof. R. 4:23-3, F.R.C.P. 37(c).
As to the scope of the request for admission of facts, a series of federal case decisions were rendered which are helpful as to the principles involved. The rule was designed to accomplish the relatively limited purpose of eliminating the necessity of putting on formal proof of essentially uncontroverted facts, not as a substitute for trial. First, of course, the matters with regard to which the admission is requested must be relevant and unprivileged. Second, the request must deal with matters essentially *523 factual, that is to say, it may not be a matter of pure opinion or a conclusion of law. Third, it should be simple and clear enough so that it is capable of being admitted or denied without qualification or explanation. Fourth, the matter must be one that can be answered by the person to whom the request is directed. Finally, the rule is not designed to canvass the entire range of evidence to be presented or to deal with the central controverted issues of the case. See cases collected in 4A Moore's Federal Practice (2d 1978), § 36.04(1-8).
Defendant Joint Business Adventure primarily argues that the requests are not relevant. The relevancy requirement in the federal rule was deleted in 1970. R. 4:22 also contains no requirement for admissions of only relevant matters. It is only limited by the scope of R. 4:10-2, which encompasses any matters, not privileged, which are relevant to the subject matter involved in the pending action. This relevance standard does not refer only to matters which would necessarily be admissible in evidence but includes information reasonably calculated to lead to admissible evidence. Stout v. Toner, 125 N.J. Super. 490 (Law Div. 1973).
Under this standard the requests in this case could produce facts which would be reasonably calculated to lead to admissible evidence. An obvious factual issue is raised as to facts surrounding notice of a prior accident which relates to design defects. The question then is whether this court should rule in advance on the admissibility of evidence. It is well settled that questions of admissibility should be preserved for the trial and objections to requests should not be entertained absent a showing of abuse. See Shawmut, Inc. v. American Viscose Corp., 12 F.R.D. 488 (D.Mass. 1952); Knowlton v. Atchison, Topeka and Santa Fe Ry., 11 F.R.D. 62 (W.D.Mo. 1951); Loring v. United Airlines, Inc., 19 F.R.D. 322 (D.Mass. 1956).
At this juncture no ruling on admissibility is possible. However, evidence of a prior accident may be shown when calculated to establish existence of a condition long enough to *524 bespeak notice thereof to owner. This is subject to cautionary instructions to the jury. See Dolan v. Newark Iron & Metal Co., 18 N.J. Super. 450 (App.Div. 1952); Miller v. Muscarelle, 67 N.J. Super. 305 (App.Div. 1961); Muscato v. St. Mary's Catholic Church, 109 N.J. Super. 508 (App.Div. 1970).
The result is, of course, that the motion to strike the requests for admissions must be denied, reserving to defendants the right to object to the admission of any part of the requests into evidence at the trial.
The second motion before the court is codefendant architects Evantash & Friedman's application to compel plaintiff to designate all treatises, books or authorities not named in the report of plaintiff's experts upon which plaintiff will rely at trial. Furthermore, the application seeks to compel plaintiff to disclose the source and extent of his knowledge regarding defendant's expert as to the design of another shopping center.
Plaintiff contends that such an application is irrelevant and immaterial, harassing, spurious and an invasion of plaintiff's right to reserve his trial strategy and mental impressions until the time of trial. Additionally, plaintiff argues that defendant can obtain all of the trial preparation material by doing a little research and that plaintiff should not be forced to subsidize defendants either financially or legally by disclosing the information requested.
Discovery procedures should be liberally construed to compel production of all relevant, unprivileged information and information that may lead to the discovery of relevant evidence. R. 4:10-2(a); Franklin v. Milner, 150 N.J. Super. 456 (App.Div. 1977).
With particularity to the request for the designation of all treatises, books or authorities, R. 4:10-2(a) provides:
Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(a) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending *525 action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence; nor is it ground for objection that the examining party has knowledge of the matters as to which discovery is sought. [Emphasis supplied]
Defendants are not asking for notes or confidential reports prepared in anticipation of litigation. They request books, treatises and authorities to be relied upon.
In Ruth v. Fenchel, 37 N.J. Super. 295 (App.Div. 1955), aff'd 21 N.J. 171 (1956), the court stated:
... for purposes of the application of the rule we adopt, it would generally be the better practice that there be some notice to the adversary of the treatise intended to be used on cross-examination. The information could be made available or elicited at pretrial, by use of discovery proceedings, or as the court might otherwise direct. [at 320]
Ideally, it would save much time in trial preparation if respective counsel knew in advance what texts, treatises or authorities they should use for purposes of cross-examination. It is potentially frustrating to have an expert witness not recognize, or refuse to recognize, treatise after treatise as authoritative.
However, the motion lacks sufficient specificity to alert plaintiff as to what is requested. Clarification of defendant's request is necessary.
Interrogatories requesting names of texts, treatises or other works which would be utilized by expert witnesses or by the defendant physician or his attorney on cross-examination was held proper in Myers v. St. Francis Hospital, 91 N.J. Super. 377 (App.Div. 1966). The court also permitted discovery of books the defendant physician had in his working library dealing with *526 exchange transfusions in infants where the action was for medical malpractice arising from a blood transfusion.
Correspondingly, only relevant books, treatises and authorities as to the claim against defendant-architects are to be disclosed. The issues respecting this defendant involve design, construction and maintenance of parking lot facilities. Narrowly stated, the request falls within the scope of discovery and is not barred or limited by R. 4:10-2(c), the "work product privilege," or R. 4:10-2(d), covering experts during trial preparation.
As to defendant's request to compel plaintiff to disclose the source and extent of his knowledge regarding defendant's expert as to the design of another shopping center, a proper showing is necessary. Here the request relates directly to information acquired during trial preparation. Since the request is directed to plaintiff about defendant's expert, R. 4:10-2(c) is dispositive of the issue. It states:

Trial Preparation; Materials. Subject to the provisions of R. 4:10-2(d), a party may obtain discovery of documents and tangible things otherwise discoverable under R. 4:10-2(a) and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation ... [Emphasis supplied]
Plaintiff's knowledge stemming from materials prepared or acquired in anticipation of trial are discoverable upon a showing of substantial need and an inability without undue hardship to obtain a substantial equivalent of the materials by other means. R. 4:10-2(c). Codefendants could have easily *527 ascertained whether or not their expert was involved in the design of a shopping center or its parking lot by merely requesting the expert to check his files. No showing of substantial need or undue hardship for this information is presented. Codefendants could obtain this information from their own expert.
Accordingly, defendant Joint Business Adventure will serve answers to plaintiff's requests for admissions within 30 days. Plaintiff will supply the names of all books, treatises or authorities to be relied upon at trial which relate to design, construction or maintenance of parking facilities.