SAVIO, J.S.C.
*75 The above-entitled matter was filed as a result of a two-car accident that occurred on February 16, 2014, on the Atlantic City Expressway in Hammonton, New Jersey. Plaintiff, Frank Campbell, was the operator of an automobile involved in the accident with a vehicle operated by Joyce Roberts. Plaintiff claims Roberts negligently operated her vehicle and Roberts's negligence was a proximate cause of the accident and his injuries.
Plaintiff filed a two-count complaint against Allstate New Jersey Insurance Company (Allstate), his underinsured motorist (UIM) carrier. In Count I, plaintiff contends Allstate is obliged to pay him compensation because his damages exceed the liability insurance policy limits applicable to the Roberts vehicle. In the second *798 count, plaintiff alleges that defendant acted in bad faith, entitling plaintiff to an award of compensatory and punitive damages. The parties consented to entry of an order severing the second count and staying discovery on the allegations in the second count of the complaint pending a resolution of Count I. Procopio v. Gov't Emps. Ins. Co., 433 N.J. Super. 377, 381, 80 A.3d 749 (App. Div. 2013) ; Taddei v. State Farm Indem. Co., 401 N.J. Super. 449, 465-66, 951 A.2d 1041 (App. Div. 2008).
In accordance with Rule 4:17-2 and Rule 4:18-1, plaintiff served interrogatories and a notice to produce on defendant. Rule 4:17-1(b)(1) limits a party in a personal injury case to the interrogatories prescribed in Form A and Form C of Appendix II of the New Jersey Court Rules.[1] Pressler & Verniero, Current N.J. Court Rules, Appendix II to R. 4:17, www.gannlaw.com (2019). Appendix *76 II, Form A Uniform Interrogatories, to be answered by a plaintiff in all personal injury cases, requires the plaintiff to:
23. State the names and addresses of any and all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume. Also attach true copies of all written reports provided to you by any such proposed expert witnesses.
With respect to all expert witnesses, including treating physicians, who are expected to testify at trial, and with respect to any person who has conducted an examination pursuant to R. 4:19, state each such witness's name, address and area of expertise and attach a true copy of all written reports provided to you.
State the subject matter on which your experts are expected to testify.
State the substance of the facts and opinions to which your experts are expected to testify and provide a summary of the factual grounds for each opinion.
Form C Uniform Interrogatories are to be answered by the defendant in all personal injury cases. Interrogatory 10 of the Form C Uniform Interrogatories is identical to Interrogatory 23 in the Form A Uniform Interrogatories. Conspicuously absent from the form interrogatories to be answered by either the plaintiff or the defendant in personal injury cases is a requirement that the named expert supply copies of any literature that the expert intends to rely upon at trial.
Here, however, Request 3 of the notice to produce served by plaintiff on defendant requires defendant to supply plaintiff with "copies of pertinent portions of any textbook, paper or authority upon which your expert relied in forming her/his conclusions and opinions." In response, Allstate answered, "None in Defendant's possession."
Subsequently, at defendant's request and as authorized by Rule 4:19, plaintiff was examined by Dr. Roy B. Friedenthal, an orthopedic surgeon selected by defendant. Following the physical examination, Friedenthal prepared a written report describing the history he obtained from plaintiff, his physical examination, a description of the medical records he reviewed and his conclusions regarding causation and damages. Defendant amended its answers to interrogatories naming *799 Friedenthal as an expert witness and suggested that it intended to elicit testimony at trial from Friedenthal consistent with the content of the report. *77 In a footnote on the last page of the report, under the word "REFERENCES," Friedenthal lists six published medical journal articles identifying the name of the author, name of the article and citation for each of the articles. Friedenthal does not specifically indicate in his report that he plans to refer to the articles during his testimony at trial as permitted by N.J.R.E. 803(c)(18) (Learned Treatises exception to hearsay).[2]
Plaintiff subsequently requested "full copies of the materials ... referred to in Dr. Friedenthal's report." In response, defense counsel contacted Friedenthal and asked him to provide copies of the materials identified in the report.[3] Defense counsel represented that Friedenthal believed he could not provide copies of the articles because the articles "are copyrighted material which preclude him from reproducing" and sending copies of the articles to plaintiff's counsel. Defense counsel has not supplied the court with any authority supporting the assertion that supplying copies of the articles identified in Friedenthal's report to plaintiff's counsel would violate any provision of the copyright law.
Accordingly, plaintiff moved to suppress defendant's defenses and strike defendant's answer and defenses without prejudice pursuant to Rule 4:23-5(a)(1) for failure to provide a response to the notice to produce. As to providing copies of the articles, Friedenthal has raised a legal issue, that the suggestion that providing copies of the articles may violate the copyright law. In a cross motion, defendant requests entry of a protective order, *78 providing that defendant is not required to supply the requested materials.
Plaintiff's counsel indicates that he was unsuccessful in his attempt to obtain the cited materials. Plaintiff's counsel attempted an internet search for copies of the articles and some were unavailable and the others only retrievable at a cost upwards of $ 300 per article and consequently plaintiff's counsel has not secured a copy of the articles.
Rule 4:17-4(e) provides that a report from an expert must contain:
a complete statement of that person's opinions and the basis therefor; the facts and data considered in forming the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; and whether compensation has been or is to be paid for the report and testimony and, if so, the terms of the compensation.
Rule 4:23-5(a)(1) provides that:
If a demand for discovery pursuant to R. 4:17, R. 4:18 ... is not complied with ... the party entitled to the discovery may ... move, on notice, for an order *800 dismissing ... the pleading of the delinquent party.
Interrogatories requesting the names of articles, books, or treatises for use by an attorney on cross-examination are proper subjects of discovery in non-medical negligence actions.[4] Huie v. Newcomb Hosp., 112 N.J. Super. 429, 432, 271 A.2d 607 (App. Div. 1970) ; Myers v. St. Francis Hosp., 91 N.J. Super. 377, 390-91, 220 A.2d 693 (App. Div. 1966) ; Van Langen v. Chadwick, 173 N.J. Super. 517, 524-25, 414 A.2d 618 (Law Div. 1980). The mutual exchange of such information affords both plaintiff and defendant the opportunity to know before trial what treatises or other texts could be used in direct and cross-examination, and avoids surprises. Myers, 91 N.J. Super. at 391-92, 220 A.2d 693. Statements from learned treatises may be used to impeach the *79 credibility of defense and expert witnesses provided there is an acknowledgment that the texts are recognized and standard authorities on the subject. Jacober v. St. Peter's Med. Ctr., 128 N.J. 475, 486-88, 608 A.2d 304 (1992) ; N.J.R.E. 803(c)(18). If defendant did not identify the articles in its answers to interrogatories, the attempt to use them at trial posed the risk of unfair surprise. Wymbs v. Twp. of Wayne, 163 N.J. 523, 544, 750 A.2d 751 (2000).
Plaintiff is entitled to review the defense expert's report as well as the articles cited by the defense expert in the report to properly prepare for cross-examination of defendant's expert at trial. However, since defendant answered the discovery requests, the court must deny plaintiff's application to suppress the defendant's answer and defenses. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484, 959 A.2d 274 (App. Div. 2008) ; Adedoyin v. Arc of Morris Cty. Chapter, Inc., 325 N.J. Super. 173, 183, 738 A.2d 374 (App. Div. 1999).
Nevertheless, defendant failed to respond to Request 3 of the notice to produce. Defendant is compelled to respond to Request 3 of the notice to produce to produce complete copies of the medical journal articles referred to by Friedenthal in his report. This court interprets Rule 4:17-4(e) to include an obligation on the part of a party naming an expert witness who identifies specific medical literature that the expert apparently intends to use to support an opinion related to the matter, to supply a copy of the articles cited by the expert in the report to the adversary's attorney. Here, the physician may not rely upon a legal opinion about the effect of some uncited copyright laws to refuse to produce literature cited by the physician as support for his expert opinions. The court recognizes that Friedenthal is competent to express opinions in the field of orthopedic surgery and completely discounts Friedenthal's alleged opinions in the field of copyright law. Accordingly, if defendant fails to produce copies of the articles within twenty days, Friedenthal shall be precluded from referring to the articles at the time of trial.

Rule 4:17-1(b)(1) allows a party to propound ten supplemental questions without subparts without leave of the court.

N.J.R.E. 803(c)(18) states: "To the extent called to the attention of an expert witness upon cross-examination or relied upon by the expert in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by testimony or by judicial notice."

The court acknowledges that Rule 1:6-6 requires that affidavits submitted to the court to support a motion must be made "on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify ...."

In the Form C and Form C(3) Uniform Interrogatories applicable to the plaintiff and the defendant physician in medical negligence cases, Interrogatory 10 and Interrogatory 3 requires the answering party to produce the material, unless the material is being used on cross-examination for impeachment purposes.