**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3215-19

MANUFACTURERS AND
TRADERS TRUST COMPANY,
also known as M&T BANK
SUCCESSOR BY MERGER TO
HUDSON CITY SAVINGS
BANK, FSB,

     Plaintiff-Respondent,

v.

DMITRY GEKHTMAN and
NATALIA GEKHTMAN, his wife,

     Defendant-Appellant.

_____

     Submitted March 8, 2021 – Decided March 29, 2021

     Before Judges Rothstadt and Mayer.

     On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. F-015380-18.

     Dmitry Gekhtman, appellant pro se.

     Winston & Strawn, LLP, attorneys for respondent (Michael E. Blaine, on the brief).

PER CURIAM

Defendant Dmitry Gekhtman appeals from a June 4, 2019 order striking his answer and entering default. In addition, he appeals from a March 5, 2020 final judgment of foreclosure in favor of plaintiff Manufacturers and Traders Trust Company, also known as M&T Bank successor by merger to Hudson Savings Bank, FSB (Bank). We affirm for the cogent reasons stated in the June 4, 2019 written decision by Judge Margaret Goodzeit.

The following facts were established during a May 6, 2019 trial before Judge Goodzeit. Defendant executed a fixed rate note with interest in December 2006 in the amount of $912,000.[1] The lender was Cuso Mortgage, Inc. (Cuso). To secure the note, defendant and his wife executed a mortgage on their residential property in Warren Township in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Cuso, and Cuso's successors and assigns.

In June 2015, MERS assigned the mortgage to Hudson City Savings Bank, FSB. The Bank is the successor by merger to Hudson City Savings Bank, FSB.

---

[1] Defendant was the only individual liable for payment under the note.

A-3215-19

On February 1, 2018, defendant defaulted on the payment obligation under the note. As a result, the Bank served a notice of intent to foreclose (NOI) upon defendant at the property where he resides.

The Bank filed a foreclosure complaint on July 24, 2018. Defendant was served with the Bank's complaint on August 17, 2018, and he filed a contesting answer about one week later. Defendant's answer asserted nineteen affirmative defenses, including lack of standing, unjust enrichment, lack of privity, unclean hands, and failure of consideration.

After unsuccessful mediation, the matter was tried on May 6, 2019. In his opening statement, defendant advised the Bank failed to respond to his discovery requests.[2] Therefore, defendant asked the judge to dismiss the Bank's complaint for failure to provided discovery.

Judge Goodzeit denied defendant's application for several reasons. First, the judge found "[d]efendant never filed a motion seeking either to compel plaintiff's [a]nswers to [i]nterrogatories and [n]otice to [p]roduce, or to dismiss plaintiff's pleadings, as permitted by the Court Rules." The judge noted defendant never sought dismissal of the Bank's complaint for discovery

---

[2] The Bank admitted failing to respond to defendant's discovery requests.

3

delinquencies until the day of trial. The judge deemed defendant's request for dismissal of the Bank's complaint as "belated and inappropriate."

Further, the judge denied defendant's request for dismissal of the foreclosure action based on the Bank's failure to respond to requests for admissions because "[a]dmissions are not proper when used 'in an attempt to establish the ultimate fact in issue.'" The judge explained "defendant's [r]equest for [a]dmissions related to standing and prior history of the assignment of the mortgage. These requests go to the ultimate facts at issue, and, thus, were not proper. Moreover, the evidence adduced at trial firmly established all of the elements needed for plaintiff to prove its case."[3]

The matter proceeded to trial. Only the Bank presented live testimony. The Bank's witness, a representative from the company that serviced the mortgage loan, testified regarding the original promissory note, mortgage, assignment of mortgage, NOI, and the loan's payment history. Through this witness's testimony, the Bank's documents in support of foreclosure were

---

[3] In her opinion issued after reviewing the trial testimony and written post-trial submissions, Judge Goodzeit further explained defendant failed to present his discovery requests as evidence during the trial and first included his discovery demands with his post-trial submissions to court. The judge held "a litigant may not provide documents after the close of trial for consideration by the [c]ourt."

admitted as evidence by Judge Goodzeit. At trial, defendant did not testify, failed to offer any evidence, and elected not to present witnesses on his behalf.

After considering the post-trial written submissions, Judge Goodzeit entered a June 4, 2019 order striking defendant's answer, entering default, and returning the matter to the Office of Foreclosure for the entry of a final judgment. Judge Goodzeit held the Bank presented uncontroverted evidence supporting the validity of the mortgage, the amount of defendant's indebtedness, and the Bank's right to foreclose. She noted defendant did not dispute signing the note and mortgage and defaulting on the payments due under the note. In addition, the judge determined the Bank had possession of the note and a valid assignment of the mortgage prior to filing the foreclosure action. Judge Goodzeit explained defendant failed to proffer any evidence during the trial in support of his affirmative defenses to the foreclosure complaint, with the exception of defendant's brief cross-examination of the Bank's witness regarding the Bank's standing to foreclose. Ultimately, the judge concluded defendant's failure "to address the nineteen defenses included in his [a]nswer," and defendant's limited cross-examination during the trial, were "unable to defeat plaintiff's standing to foreclose."

On appeal, defendant renews the same arguments raised to the trial court. Specifically, defendant contends the trial judge abused her discretion by striking his answer to the foreclosure complaint and entering default judgment. In addition, defendant claims he did not receive the notice of intent to foreclose in accordance with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68, and the Bank overstated the amount. We disagree and affirm for the reasons stated by Judge Goodzeit in her June 4, 2019 written decision. We add only the following comments.

Our standard of review from "the findings and conclusions of a trial court following a bench trial are well-established[.]" Allstate Ins. Co. v. Northfield Med. Ctr., P.C., 228 N.J. 596, 619 (2017). We do "not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." Mountain Hill, L.L.C. v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008). "We give deference to the trial court that heard the witnesses, sifted the competent evidence, and made reasoned conclusions." Allstate Ins. Co., 228 N.J. 619. The findings of by a trial court sitting in a non-jury case will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offense the interests of justice . . . ." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474,

484 (1974). However, we owe no deference to a trial court's interpretation of the law and the legal consequences that flow from established facts. D'Agostino v. Maldonado, 216 N.J. 168, 182-83 (2013).

Here, Judge Goodzeit had the opportunity to see and hear the sole witness who testified during the foreclosure trial. Defendant offered no countervailing witnesses or evidence in response to the Bank's evidence. On this record, Judge Goodzeit's factual determinations were supported by the credible trial evidence and her legal conclusions rendered in accordance with applicable law governing foreclosure actions. We discern no basis to disturb her factual findings or legal conclusions.

We next consider defendant's argument the trial judge erred in denying his motion to dismiss the Bank's complaint for failure to provide discovery, specifically, the Bank's admitted failure to respond to requests for admissions.[4] Based on the Bank's failure to respond to the requests for admissions, defendant contends none of the Bank's documents should have been admitted as evidence. We disagree.

---

[4] We concur with the judge that defendant's submission of the requests for admissions after the trial concluded was improper. However, we consider the requests for admissions to address defendant's argument on the merits.

We review discovery orders for abuse of discretion. Estate of Lagano v. Bergen Cty. Prosecutor's Office, 454 N.J. Super. 59, 80 (App. Div. 2018). Generally, we "defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005).

Self-represented litigants are not entitled to greater rights than litigants represented by counsel. Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 99 (App. Div. 2014). Importantly, self-represented litigants are held to the same standard for compliance with our court rules as attorneys. Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982).

Rule 4:22-1, governing requests for admissions, allows a party to seek "the truth of any matter of fact within the scope of R. 4:10-2 . . . . " "The purpose of a request for admissions is to establish matters to be true for purposes of trial when there is not a real controversy concerning them[,] yet their proof may be difficult or expensive." Essex Bank v. Capital Resources Corp., 179 N.J. Super. 523, 532 (App. Div. 1981). A request for admissions serves the relatively limited purpose of eliminating the necessity of proving facts which are or should

be uncontroverted. Ibid. (citing Van Langen v. Chadwick, 173 N.J. Super. 517, 522 (Law. Div. 1980)).

Here, Judge Goodzeit correctly held defendant's requests for admissions improperly sought "to establish the ultimate fact in issue." Essex Bank, 179 N.J. Super. at 533. Defendant's requests for admissions sought to prove the ultimate issue in this matter, the Bank's right to foreclose. Defendant bore the burden of proving his affirmative defenses to the foreclosure action, namely his claim the Bank had no basis to pursue relief against him. Moreover, the Bank's failure to respond to the requests for admissions does not compel their admission. A party's failure to respond to an improper request for admission cannot be taken as an admission of a central fact in issue because the request is "beyond the scope of the rule." Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION