NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0262n.06

No. 16-5023

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 08, 2017
DEBORAH S. HUNT, Clerk

INGE GOODSON,

    Plaintiff-Appellant,

v.

MEGAN J. BRENNAN, In her official capacity as
Postmaster General of the United States Postal
Service,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

BEFORE:    SUHRHEINRICH, WHITE, and STRANCH, Circuit Judges.

    SUHRHEINRICH, Circuit Judge.  Plaintiff-Appellant Inge Goodson appeals the district court's grant of summary judgment in favor of Defendant-Appellee Postmaster General, dismissing with prejudice Plaintiff's Title VII claims for sexual harassment/hostile work environment and sex discrimination. For the following reasons we affirm.

**I.**

**A.**[1]

    In 2007, Plaintiff was the fulltime rural carrier for Rural Route 6 of the Fairview, Tennessee branch of the United States Post Office. Plaintiff's route included three locations with "centralized box units" (CBUs): Roundtree Apartments, the Meadows Condominiums, and a trailer park. One of Fairview's former postmasters instructed Plaintiff that she was not required

---

[1]    The facts in this section are undisputed and drawn from Plaintiff's Response to Defendant's Statement of Undisputed Facts. R. 60.

to deliver certain mass mailers, known as "box holders," to CBUs that were full, broken, vacant, blocked, or that belonged to a resident who had moved and had not provided a forwarding address. Another former Fairview postmaster informed Plaintiff that, if the Roundtree apartment manager agreed, Plaintiff could leave box holders for those residents in a separate location. Plaintiff was never given categorical permission to not deliver box holders at Roundtree, or to discard box holders without attempting delivery.

In November of 2007, the Officer in Charge of the Fairview Post Office, Roy Ray, Plaintiff's then-immediate supervisor, reported to the Postal Service Office of the Inspector General (OIG) that Plaintiff had improperly failed to deliver box holders on her route on October 30, October 31, and November 1. This prompted an OIG investigation of Plaintiff. On November 14 and 15, OIG Agent Koivula allegedly observed Plaintiff failing to deliver deliverable box holders. On November 16, Plaintiff was interviewed by OIG agents Koivula and Brummal.

That same day, following the interview, Ray placed Plaintiff on emergency non-duty status for discarding these allegedly deliverable box holders. On January 2, 2008, Ray requested Plaintiff's termination from employment for discarding box holders. On January 17, Plaintiff received written notice of her termination due to the November 1, 14, and 15 incidents of 2007. Following receipt of the notice, Plaintiff filed a union grievance regarding her termination.

About one week prior to her termination, on January 9, Plaintiff contacted an Equal Employment Opportunity Commission (EEOC) counselor, and said that she had been placed on emergency non-duty status on November 16 due to her sex and sexual harassment. On February 7, Plaintiff filed a formal EEOC complaint alleging sex discrimination and sexual harassment. After investigation of her complaint, Plaintiff received a hearing before an EEOC administrative

judge from May 15-17, 2012. On February 5, 2013, the EEOC judge issued her decision, holding that Plaintiff had not proven by a preponderance of the evidence that Defendant either discriminated against her based on sex or that she was subjected to sexual harassment in violation of Title VII.

**B.**

On May 22, 2013, Plaintiff filed this suit. On November 20, 2013, with leave of the district court, Plaintiff filed her Amended Complaint, alleging Title VII, 42 U.S.C. § 2000e, claims for (1) sexual harassment/hostile work environment, and (2) sex discrimination for being placed on emergency leave and her subsequent termination. In the amended complaint, Plaintiff alleged incidents of sexual harassment by Ray; raised general allegations of being treated differently than unidentified similarly-situated employees; alleged being subjected to continuous sex-based harassment during her employment, which created a hostile work environment; and alleged that her termination was actually motivated by her sex and her refusal of Ray's sexual advances. Defendant denied Plaintiff's allegations and raised other defenses, such as claiming that Plaintiff did not initiate EEOC contact within prescribed time limits, and therefore did not timely exhaust her administrative remedies.[2]

On June 7, 2014, Defendant sent Plaintiff's counsel, via overnight mail, its First Set of Requests for Admission (RFAs). Plaintiff never responded to these RFAs. The RFAs included factual concessions central to Plaintiff sustaining her causes of action.

Over a year after sending the RFAs, on August 19, 2015, Defendant filed a motion for summary judgment, arguing that the court should deem admitted all of the statements in its RFAs, which would entail that no material facts are in dispute, and that Defendant is entitled to

---

[2] As demonstrated below, due to Plaintiff's admissions, we need not address whether Plaintiff timely exhausted her administrative remedies.

judgment as a matter of law. In her response to the motion for summary judgment, Plaintiff asserted that a response to the RFAs had been emailed to Defendant in August of 2014 by her counsel's administrative assistant, and that Plaintiff was unaware that these answers were never received by Defendant.[3] Plaintiff's only support for this assertion was an attached unsigned and undated copy of the allegedly dispatched response. Plaintiff never moved for any kind of relief on this matter, such as seeking to withdraw or amend her admissions.

Per Federal Rule of Civil Procedure 36, the district court deemed admitted by Plaintiff all of the statements in the RFAs. The court then granted summary judgment in favor of Defendant. The court held that Plaintiff failed to timely exhaust her administrative remedies. In addition, the court held that even if her exhaustion of administrative remedies had been timely, Defendant was still entitled to summary judgment. The court ruled that Plaintiff's admissions barred both her claims, and in any event, with regards to the sex discrimination claim, the evidence that Plaintiff presented did not give rise to a prima facie case.

Plaintiff appealed.

## II.

Plaintiff's appeal hinges on whether the district court erred in concluding that Plaintiff admitted to Defendant's RFAs by operation of law. Generally discovery-related rulings are reviewed for abuse of discretion, *see Ondo v. City of Cleveland*, 795 F.3d 597, 603 (6th Cir. 2015); however, we review the district court's interpretation and application of the Federal Rules

---

[3] Plaintiff claims she was unaware that the answers were not received by Defendant despite Defendant's motion to compel filed in January 16, 2015, seven months prior to the motion for summary judgment. The memorandum in support of the motion to compel stated, "To date, Defendant has not received responses to its First Set of Requests for Admissions. Consequently, Defendant deems those admitted pursuant to Fed. R. Civ. P. 36(a)(1)." The motion to compel was ultimately mooted by the parties' agreement to an extended discovery schedule.

of Civil Procedure de novo, *Jalapeno Prop. Mgmt, LLC v. Dukas*, 265 F.3d 506, 510 (6th Cir. 2001).

Rule 36 permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). By operation of law, "[a] matter *is admitted unless*, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3) (emphasis added). Further, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Thus, by never responding to Defendant's RFAs, or filing a motion for relief, Plaintiff admitted and conclusively established as fact all statements therein.

Plaintiff makes the same claim here that she did before the district court: that she responded to the RFAs in August of 2014. However, not only is Plaintiff's alleged August 2014 response to Defendant's RFAs totally unsubstantiated, but even assuming its truth, Plaintiff's response would still have been untimely. Defendant sent its RFAs via overnight mail on June 7, 2014. Any August response by Plaintiff would have exceeded the thirty-day limit, triggering admission by operation of law. *See* Fed. R. Civ. P 36(a)(3).

Plaintiff also argues that the district court should have exercised its discretion under Rule 36(b) to permit Plaintiff to file an untimely response to the RFAs. Rule 36(b) gives the district court discretion *if* a party moves the district court. *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, *on motion*, permits withdrawal or amendment of the admission.") (emphasis added). Plaintiffs did not make any motion for relief on this matter. Plaintiff does not contest this. However, Plaintiff appears to suggest that this

discretion ought to be exercised *sua sponte* where the requesting party will not be prejudiced by the delayed response. *See* Appellant's Br. at 26. Plaintiff cites no authority for this proposition, however, and such an interpretation contravenes the plain language of Rule 36. Consequently, the district court did not err, and we affirm.

### III.

Plaintiff argues that even if the district court was correct in deeming that she admitted Defendant's RFAs, she still has created genuine issues of material fact for her two claims, making summary judgment inappropriate. Because Plaintiff admitted, and therefore conclusively established, facts that preclude her success on either claim, we affirm.

We review summary judgment de novo. *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 482 (6th Cir. 2008). Summary judgment is appropriate where, construing the evidence in favor of the non-movant, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Emp'rs Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 101-02 (6th Cir. 1995). However, "[a] matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Further, such conclusive admissions "cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014).

Plaintiff's Amended Complaint raised two causes of action under Title VII: sexual harassment/hostile work environment and sex discrimination. Sexual harassment or a hostile work environment is shown by demonstrating a supervisor's harassment of an employee under the supervisor's authority that resulted in tangible employment action. *EEOC v. New Breed Logistics*, 783 F.3d 1057, 1071 (6th Cir. 2015). Alternatively, this may be shown if the employer

failed to exercise reasonable care in preventing and promptly correcting any sexually harassing behavior of a supervisor towards an employee. *EEOC v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 510 (6th Cir. 2001). However, under this second theory, if the employee failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise, that employee's claim is barred. *Id.* Plaintiff must show that "(1) [] she was a member of a protected class; (2) [] she was subjected to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the charged sexual harassment created a hostile work environment; and (5) the employer is liable." *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 307 (6th Cir. 2016). Furthermore, to prove a hostile-work-environment claim, an employee must show that the "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Randolph v. Ohio Dep't. of Youth Servs.*, 453 F.3d 724, 733 (6th Cir. 2006) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). *See also Morris v. Oldham Cty. Fiscal Ct.*, 201 F.3d 784, 790 (6th Cir. 2000) ("Because plaintiff suffered no tangible employment action . . . she must establish that she was subjected to severe or pervasive sexually harassing conduct[.]").

Plaintiff admitted by failing to respond to Defendant's RFAs, and thus conclusively established, that:

- "Mr. [Ray's] alleged harassing behavior did not culminate in Plaintiff's removal."

- "The Postal Service exercised reasonable care to prevent and correct any alleged sexually harassing behavior by Mr. Ray toward Plaintiff after any postal official received notice of any such allegation. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Postal Service or to avoid harm prior to her contact with an EEO Counselor on or about January 9, 2008."

- "Plaintiff's Notice of Removal dated on or about January 17, 2008, was not causally connected to any alleged sexual harassment by Mr. Roy Ray."

-7-

- "The interactions between Mr. Roy Ray and Plaintiff between October 2006 and January 2008 were not severe or pervasive enough to amount to an actionable Title VII hostile work environment."[4]

As these admissions preclude Plaintiff's ability to establish employer liability under either theory articulated above, Defendant is entitled to judgment as a matter of law on this claim.

Similarly, Title VII makes it an unlawful employment practice for an employer to "fail or refuse to hire or to discipline any individual, or otherwise to discriminate against any individual with respect to . . . sex." 42 U.S.C. § 2000e-2(a)(1). However, Plaintiff also admitted, by operation of law, and conclusively established, that "[t]he interactions between Mr. Roy Ray and Plaintiff between October 2006 and January 200[8] were not based on Plaintiff's sex or gender." As the district court held, "this admission alone effectively precludes . . . [P]laintiff from raising a [sex] discrimination claim based on her termination, since her termination was initiated by Mr. Ray."

In sum, based on Plaintiff's admissions, the district court did not err in granting summary judgment for Defendant.

---

[4] Although requests seeking legal conclusions are inappropriate under Rule 36, *see Petroff-Kline*, 557 F.3d at 293, "we consider whether harassment was so severe and pervasive as to constitute a hostile work environment to be quintessentially a question of fact," *Smith*, 813 F.3d at 310 (quotation marks omitted). Thus, the severity and pervasiveness of the alleged harassment was properly admitted under Rule 36.

Moreover, Plaintiff made more specific admissions that foreclosed her hostile work environment claim. For instance, Plaintiff admitted that Defendant did not flirt with her; that Defendant did not look at her suggestively; that Defendant did not stand close to Plaintiff so she would bump into his crotch; that Defendant was not trying to ask Plaintiff on a date; that Defendant did not say anything sexually suggestive to Plaintiff; that Defendant's driving to Plaintiff's boyfriend's house during her lunchbreak was in response to a customer complaint; that Defendant was not the only person who received a massage from Plaintiff; and that Defendant's "moans or groans" during the massage were due to pain and not pleasure.

Although Ray's behavior in requesting a back massage and driving to Plaintiff's boyfriend's house during a lunch break was inappropriate, these admissions prevent Plaintiff from creating a dispute of fact as to whether the work environment was hostile.

**IV.**

For the foregoing reasons, the judgment of the district court is affirmed.