**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1504

_____

STACIE PERCELLA,

Appellant

v.

CITY OF BAYONNE,
JOSEPH WAKS, individually and RICHARD CENSULLO, individually

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2:14-cv-03695)
Honorable Kevin McNulty, U.S. District Judge

_____

Argued
On May 25, 2022

Before:   KRAUSE, PHIPPS, *Circuit Judges* and STEARNS*, *District Judge.*

(Filed: June 21, 2022)

_____

* Honorable Richard G. Stearns, United States District Court Judge for the District
of Massachusetts, sitting by designation.

Vincent F. Gerbino, Esq.    (Argued)
Bruno Gerbino Soriano & Aitken
445 Broad Hollow Road
Suite 420
Melville, NY 11747
                Counsel for Appellant


Nicholas A. Sullivan, Esq. (Argued)
Florio Perrucci Steinhardt Cappelli Tipton & Taylor
1010 Kings Highway South
Building 2
Cherry Hill, NJ 08034

Drew D. Krause, Esq.        (Argued)
Chasan Lamparello Mallon & Cappuzzo
300 Lighting Way
Suite 200
Secaucus, NJ 07094
                Counsel for Appellees

_____

OPINION**
_____

STEARNS, *District Judge*.

Appellant Stacie Percella challenges the District Court's award of summary judgment to Appellees, City of Bayonne, Joseph Waks, and Richard Censullo. Percella worked for the City of Bayonne for fifteen years, beginning with her appointment as

---

** This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Deputy Registrar of the Health Department in 2006. Her relationship with her employer was troubled: Percella repeatedly filed complaints with the City alleging misconduct by other employees; she was suspended and transferred multiple times during her tenure, primarily (according to the City) because of her unprofessional conduct. Percella contends that she was disciplined in retaliation for exercising her First Amendment rights. Percella also alleges that City officials had subjected her to harassment, specifically that Censullo had directed sexually suggestive language to her and that Waks had habitually used profane language in her presence, once threw a pencil at her, and had posted a sexually suggestive and misogynistic kitchen magnet near her workspace.[1]

Percella's Amended Complaint asserts multiple counts: (1) violation of 42 U.S.C. § 1983 against the City and Waks for retaliating against Percella in violation of her First and Fourteenth Amendments rights; (2) discrimination and harassment, hostile work environment, and retaliation against the City and Waks in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§ 10:5-1 *et seq*.; and (3) claims of tortious contractual interference against Censullo and breach of the implied covenant of good faith and fair dealing against the City.

---

[1] There is a dispute of fact as to whether Waks posted one or multiple magnets, and Percella asserts that the District Court overstepped in making the finding that there was only one. We view this dispute as immaterial, however, because the presence of even several magnets would not have changed the analysis of whether this rose to the level of a "rare and extreme" case in which a single incident is so severe that it creates a hostile work environment. *See Taylor v. Metzger*, 706 A.2d 865, 869 (N.J. 1998) (quoting *Lehmann v. Toys 'R' Us, Inc.*, 626 A.2d 445, 455 (N.J. 1993)).

On August 5, 2019, Percella emailed seventy requests for admissions to the Appellees. The Appellees did not respond to the requests. After discovery concluded, Appellees moved for summary judgment on all claims. District Court rejected Percella's argument that Appellees' failure to respond to her requests for admissions and their alleged failure to move to withdraw or amend the (constructive) admissions precluded entry of summary judgment in their favor.

Instead, the District Court deemed the admissions withdrawn and granted summary judgment to Appellees on all counts except the state-law hostile work environment claim. The parties cross-moved for reconsideration, and the District Court, after a reexamination of the factual record underlying the hostile work environment claim, entered summary judgment for Appellees on this claim as well. We will affirm.[2]

We exercise plenary review over a district court's order granting summary judgment. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). While we review a district court's decision whether to allow the withdrawal or amendment of admissions for abuse of discretion, *see Gwynn v. City of Phila.*, 719 F.3d 295, 298–99 (3d Cir. 2013), our review of a district court's interpretation of the Federal Rules of Civil Procedure is *de novo*, *see EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 264 (3d Cir. 2010).

During discovery, a party may serve on another party a request that it admit the truth of matters relating to "(A) facts, the application of law to fact, or opinions about either; and

____

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

4

(B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A matter is admitted unless a party responds or objects within thirty days of being properly served. *See* Fed. R. Civ. P. 36(a)(3). An admitted matter is conclusively established unless the district court, "on motion," allows the withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b). The district court may permit withdrawal or amendment, subject to Rule 16(e), "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

Appellees do not deny that they (1) never responded to Percella's requests for admissions and (2) never filed a formal motion to withdraw or amend the resulting admissions. The plain language of Rule 36 permits a district court to withdraw admissions upon a party's motion. *See* Fed. R. Civ. P. 36(b). Thus, we hold, as have at least two of our sister circuits, that a district court errs when it withdraws admissions without any prompting by the parties. *See Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017) (holding that *sua sponte* withdrawal of admissions "contravenes the plain language of Rule 36."); *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (same).

While Rule 36 does not authorize a district court to unilaterally withdraw or amend an admission, it does not specify the precise form a motion to withdraw or amend must take. In this case, Appellees raised the issue in a letter brief filed on July 20, 2020, in response to Percella's opposition to their motion for summary judgment and her cross-motion for summary judgment. The letter brief objected *inter alia* to the fact that Percella

5

had failed to properly notice the cross-motion and "ha[d] tried to base her entire argument [for brevis disposition] on [Appellees'] failure to answer [her] Requests for Admissions." App. 1155-56.

The letter brief then drew the court's attention to Rule 36 and, citing *Sunoco, Inc. (R & M) v. MX Wholesale Fuel Corp.*, 565 F. Supp. 2d 572 (D.N.J. 2008), argued that the court had the authority to deem the admissions withdrawn in deference to the principle "that a disposition on the merits is preferred over a decision based upon procedural technicalities." App. 1156 (quoting *Sunoco*, 565 F. Supp. 2d at 577). Appellees accused Percella of engaging in a disfavored litigation tactic, noting that "the only possible purpose of requesting an admission by [a party] contrary to [its] previously stated opinion was the hope that [it] would not answer and that [its] failure to answer could be used to seek judgment against [it]." App. 1156 (quoting *Hungerford v. Greate Bay Casino Corp.*, 517 A.2d 498, 501 (N.J. Super. Ct. App. Div. 1986)). Finally, Appellees stated that there would be no prejudice to Percella in allowing the withdrawal of the admissions, because they had previously denied the statements in the requests for admissions in their Answer to the Complaint and response to Percella's Rule 56.1(a) Statement of Material Facts. App. 1158-59.

The District Court agreed, adding the observation that many of the seventy requests consisted of generalized calls for legal conclusions that, even if admitted, would not have any impact on the outcome. For example, Request 23 states, "Defendant City of Bayonne has failed to abide by its own procedures and those required by law when suspending or otherwise disciplining Plaintiff." App. 847. Some requests sought information that was

6

not material to any claim pled by Percella in the Amended Complaint. *See, e.g.,* Request 19 ("Plaintiff was offered an opportunity for required training by the State of New Jersey, but Defendant failed to take the necessary steps in order for Plaintiff to obtain the training."). App. 846. Most others, as Appellees had pointed out, were addressed in their legally binding answers to the Complaint. Under the circumstances, we discern no error in the District Court's decision to treat the letter brief requesting that the admissions be withdrawn as a "motion" that could trigger a withdrawal analysis under Rule 36(b), and likewise no error in its finding that the requirements of that rule were met here.[3]

Percella's additional claims of error lack merit. The District Court properly rejected her contention that the continuing violation doctrine applies to save her First Amendment retaliation claims. Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 236 (3d Cir. 2014) (quoting *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)). We have previously held that certain discrete employment events are not subject to the continuing violation doctrine, including the following non-exhaustive list: "termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of

---

[3] While we conclude the District Court did not err in its ultimate ruling, we note that, as a general matter, it would accord with best practices for a district court, upon receipt of a request for the court to withdraw admissions on its own motion, to invite the requesting party to make its own motion under Rule 36(b) or at least give the parties notice of its intent to treat the request as a Rule 36(b) motion and to invite a response from the affected party.

training, [and] wrongful accusation." *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). Percella's pre-limitations period suspensions and transfer were discrete actions not subject to the continuing violations doctrine.

We also agree with the District Court that Percella's tortious interference claim against Censullo fails, as she is unable to prove that she had an independent employment contract with the City by virtue of her Employee Handbook, which explicitly disclaimed any such contractual intent. The good faith and fair dealing claim against the City also fails as the covenant does not support a cause of action independent of the contract to which it adheres. Finally, Percella's contention that the District Court erred in holding that punitive damages could not be awarded on summary judgment is simply wrong as a matter of law.

For the foregoing reasons, we will affirm the judgment of the District Court.