43 N.J. Super. 226 (1956)
128 A.2d 304
RALPH G. HUNTER, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF GAIL HUNTER, DECEASED, PLAINTIFF,
v.
ERIE RAILROAD COMPANY, A CORPORATION OF THE STATE OF NEW YORK, EDWARD C. MORGAN, SR., INDIVIDUALLY, AND AS ADMINISTRATOR AD LITEM OF THE ESTATE OF CHARLES E. MORGAN, DECEASED, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 18, 1956.
*229 Messrs. Stryker, Tams & Horner (Mr. Burtis W. Horner, appearing), attorneys for plaintiff.
Mr. Charles C. Stalter, attorney for defendant Edward C. Morgan, Sr.
HALL, J.S.C.
The motion for decision relates to requests for admissions served by plaintiff on defendant Edward C. Morgan, Sr., individually and as administrator ad litem of the estate of Charles E. Morgan, deceased.
The factual situation underlying the cause of action sued on is as follows: Plaintiff's decedent was one of three occupants of an automobile owned by defendant Morgan. One of the other occupants was decedent Charles E. Morgan, son of Edward. The car was struck by a train of defendant railroad at a grade crossing, and plaintiff's decedent and Charles E. Morgan were killed as a result. The third occupant, Gail Stewart, survived. Plaintiff alleges that Charles Morgan was the driver of the car, with the permission of Edward, and that the death of his decedent was *230 caused by the negligence of Charles Morgan and the railroad company.
Plaintiff served the requests for admissions, those here in dispute being substantially as follows:
Request No. 2, that on the day in question Charles Morgan was operating the car with the permission, expressed or implied, of Edward Morgan.
Request No. 4, that immediately prior to the accident the devices controlled by the railroad warning motorists of the existence of the crossing were operating.
Request No. 5, that immediately prior to the accident the whistle of the train was blowing.
Request No. 6, that immediately prior to the accident plaintiff's decedent and Gail Stewart were passengers in the car and were sitting in the front seat with Charles Morgan.
Request No. 7, that immediately prior to the occurrence the radio in the car was operating.
Request No. 8, that immediately prior to the accident the car windows were closed.
Request No. 9, that the car did not slow down as it approached the crossing.
Request No. 10, that the automobile did not stop prior to proceeding onto the crossing.
Request No. 2 was answered under oath, "Cannot say if he was driving at time of accident as he was not there." Requests Nos. 4 and 5 were answered, "Cannot say, as he was not there." Request No. 6 was answered, "Can only admit that Charles E. Morgan, Gail Hunter and Gail Stewart were in the car at the time of the accident." Requests Nos. 7, 8, 9 and 10 were answered by referring to the answers to Requests Nos. 2, 4 and 5. Plaintiff thereupon moved for an order requiring defendant Morgan "to answer more specifically the requests for admissions propounded on behalf of the plaintiff." Through excusable neglect in the office of the attorney for defendant Morgan, no appearance was made on the return day of the motion, and the court orally ordered that more specific answers be given for the reason *231 that under the language of the applicable rule, it is no excuse that the matters do not lie within the personal knowledge of the defendant. Counsel being unable to agree on the form of the written order, plaintiff served notice of motion to settle its terms. When that motion came on, it resulted, with consent of counsel for plaintiff, in a reargument of the original motion upon which I reserved decision.
We are concerned with R.R. 4:26 and 4:27-3, which have had practically no consideration in our reported cases.
R.R. 4:26-1 permits requests for admission of the genuineness of any relevant documents or of the truth of any relevant matters of fact set forth in the request, whether or not the matters lie within the personal knowledge of the person asked.
The theory and purpose of requests for admissions should preface any discussion of the rule. Such requests are not a discovery device to ascertain relevant facts, but rather to ascertain the adversary's position with respect to these facts, with the aim of facilitating the trial by weeding out items of fact and proof over which there is no dispute, but which are often difficult and expensive to establish by competent evidence, and thereby expedite the trial, diminish its cost, and focus the attention of the parties upon the matters in genuine controversy. 2 Schnitzer and Wildstein, New Jersey Rules Service, AIV-727. It is to be assumed, therefore, that a party, before requesting admissions, has, by discovery or investigation, ascertained the facts concerning which admissions are requested and seeks to determine whether they will be disputed, to avoid, if possible, the expense and difficulty of proving at the trial those as to which there is no dispute. While it may well be said that there might be inherent limitations on the kinds of facts which such requests can encompass, I am satisfied that the facts, admission of which was requested here, are well within any reasonable interpretation of the phrase "any relevant matters of fact" used in the rule. Defendant did not serve written objections to them as prescribed by the rule.
It is further important to note that the effect of admissions is to furnish affirmative evidence of the fact *232 admitted which can be introduced by the requesting party at the trial. An admission of the truth of the requested matter thereby arises in three ways: (1) by serving an answer affirmatively admitting the truth of the requests; (2) by remaining silent until after the time for answer has been expired; or (3) by responding in a manner not in compliance with the formal requirements of the rule. In order to avoid an admission, other than by objecting to the request, the party must serve a sworn statement denying specifically the matters of which an admission is requested, or setting forth in detail the reasons why he cannot truthfully admit or deny those matters. If an admission is thereby avoided, the requesting party must prove the matter at the trial, but he may then apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making the proof, which order shall be made, unless the court finds there were good reasons for the denial or the admissions sought were of no substantial importance. 2 Schnitzer and Wildstein, supra, AIV-737-8. The court has no power under the rule to compel a party to make an admission. The burden of making a proper response is squarely upon the party to whom the requests are directed, and that party must, under ordinary circumstances, decide for himself the propriety of each response he makes, in the knowledge that if it fails to meet the test of the rule the whole response will be deemed an admission as a matter of law. Dulansky v. Iowa-Illinois Gas and Electric Co., 92 F. Supp. 118 (D.C. Iowa 1950). An evasive or improper answer under the rule may well be construed by the court at the trial to be no response at all and, therefore, an admission. Southern Railway Co. v. Crosby, 201 F.2d 878, 36 A.L.R.2d 1186 (4 Cir. 1953). Therefore, plaintiff's original motion for the court to order defendant to answer the requests more specifically is not proper. However, since the main purpose of the rule is to obviate the necessity on the part of the requesting party to prepare and present proofs at the trial, it would seem only reasonable that there should be some procedural device whereby the requesting *233 party could obtain a ruling of the court in advance as to the effect of the answers actually made by the other party, i.e., whether they amount to an admission or not. Such a procedure might take the form of a request for a ruling or a motion to strike out an insufficient answer. 2 Schnitzer and Wildstein, supra, AIV-737 and 744. This procedure has been followed in some of the decisions under the comparable federal rule, e.g., Dulansky v. Iowa-Illinois Gas and Electric Co., supra. I will, therefore, treat plaintiff's original motion as one for such relief.
Defendant's basic answer to all of the disputed requests is, in effect, that the matters of fact upon which admission was requested do not lie within his personal knowledge. Under R.R. 4:26-1, such matters are clearly within the scope of requests for admissions and to avoid the penalties of R.R. 4:27-3, his answer would have to specifically show that it was not reasonably within his power to obtain the knowledge or information. It is to be noted that in this case the survivor of the catastrophe should be able to furnish the defendant with information sufficient to make a proper sworn answer to practically all of the disputed requests, unless defendant could show that it was unreasonable under the circumstances for him to obtain such information from her. With particular reference to Request No. 2, defendant has only attempted to answer one phase of the request, namely, the question of whether Charles Morgan was operating the car, and has made no answer to the second phase as to whether, if he was driving, it was with the permission, expressed or implied, of defendant.
I am convinced that the answers to the requests in question in the form given by defendant could properly be construed by the court to be so evasive and improper under R.R. 4:26-1 as to amount to admissions. However, in view of the lack of authority in this State on the construction of and practice under the rule, I feel it would be unfair to defendant for me to make such a ruling at this time. I am, therefore, in line with the practice followed in the Dulansky case, supra, going to deny plaintiff's motion, but give leave *234 to defendant to serve upon plaintiff within 15 days from the date of this memorandum amended and substituted responses to the requests above listed, in line with the principles herein expressed, with the further ruling that if the same are not so furnished, the answers to the requests heretofore given are to be construed as admissions of the truth of the matters set forth in the requests and to have that effect at the trial.
An order in accordance with these conclusions should be prepared by plaintiff's attorney, approved as to form by defendant's attorney. No costs are allowed to either party.