86 N.J. Super. 449 (1965)
207 A.2d 200
PETER KLIMOWICH AND HELEN KLIMOWICH, A/K/A HELEN OLDAKER, PLAINTIFFS-RESPONDENTS,
v.
EDWARD KLIMOWICH AND CLAIRE KLIMOWICH, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Motion Argued February 1, 1965.
Motion and Appeal Decided February 15, 1965.
*450 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Myron J. Bromberg argued the cause for appellants (Messrs. Porzio, Bromberg & Newman, attorneys).
Mr. Samuel S. Black argued the cause for respondents.
PER CURIAM.
On a motion for leave to appeal an order of the Chancery Division denying a number of motions by defendants, (a) to take certain out-of-time discovery steps in the cause, (b) for change of venue (denied on previous motion), and (c) to be permitted to make a late response to a demand for admissions pursuant to R.R. 4:26-1, this court denied the motion except in respect of the matter of admissions. Leave to appeal was granted in the latter regard, and, with the consent of the parties, the matter was submitted forthwith on the moving and answering papers on the motion and the argument had thereon.
We need not discuss the portion of the motion for leave to appeal denied except to repeat the admonition in Romano v. Maglio, 41 N.J. Super. 561, 567 (App. Div. 1956), certification denied 22 N.J. 574 (1956), certiorari denied 353 U.S. 923, 77 S.Ct. 682, 1 L.Ed.2d 720 (1957), that we will rarely grant interlocutory appeal in relation to orders dealing with discovery.
In this action by plaintiffs to obtain relief for the alleged fraudulent despoilment of their late father's fortune by defendants, brother and sister-in-law of plaintiffs, the complaint and answer were filed, respectively, in March and April 1964. On June 11, 1964 defendants were served with plaintiffs' request for admissions, and on June 24, 1964 with a supplemental *451 request for admissions. These were not answered until August 10, 1964, but the answers then supplied by defendants were promptly returned by the attorney for plaintiffs on the ground they failed to comply with the rule "either as to time or form." The requests for admissions are not before us, but it seems agreed that they called for responses within 20 days, as permitted by the rule, R.R. 4:26-1. And we are told that the answers furnished August 10, 1964 were not sworn to, as also called for by the rule. Defendants were thus in default of compliance with the rule.
In November 1964 a notice of pretrial conference for December 22, 1964 was forwarded by the trial judge to the parties. Plaintiffs then made a motion to dismiss defendants' notice to take oral depositions as late. Defendants counter-moved for the relief denied by the trial court, mentioned above. The denial of the motion for extension of time for service of answers to plaintiffs' requests for admissions was stated by the trial court to be for the reason that: "I can't give any relief under the rule. The rule itself is self-executing." In so ruling, however, the judge left open for determination at the trial the effect of the failure timely to answer the requests.
At our request at the argument defendants have filed sworn answers to the requests. The great majority of the admissions sought are conceded. However, defendants deny requests to admit that checks purportedly signed by the decedent against his bank account aggregating some $7,000 were forgeries and were not signed by decedent. In the light of the factual background of the case, an admission by defendants that the checks in question were forgeries would substantially undermine their defense to the action.
So far as here material, R.R. 4:26-1 provides:
"* * * [A] party may serve upon any other party a written request for the admission by the latter * * * of the truth of any relevant matters of fact set forth in the request, whether or not the matters lie within the personal knowledge of the latter. * * * Each of the matters of which an admission is requested shall be deemed *452 admitted unless, within a period designated in the request, which period shall be not less than 20 days after service thereof, or within such shorter or longer period as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (a) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters, or (b) written objections that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, together with a notice of hearings as to the objections at the earliest practicable time." (Emphasis added)
It has been well said that:
"* * * Such requests [for admissions] are not a discovery device to ascertain relevant facts, but rather to ascertain the adversary's position with respect to these facts, with the aim of facilitating the trial by weeding out items of fact and proof over which there is no dispute, but which are often difficult and expensive to establish by competent evidence, and thereby expedite the trial, diminish its cost, and focus the attention of the parties upon the matters in genuine controversy. * * *" Hunter v. Erie R.R. Co., 43 N.J. Super. 226, 231 (Law Div. 1956).
While we do not necessarily hold that requests of the type and effect involved on this motion are not proper subject matter for admissions under the rule, it is obvious here, in the light of the answer filed and general position taken by defendants in the cause, that the intimation by plaintiffs that defendants had misappropriated the decedent's funds by forging checks on his bank account was strongly disputed. If the rule is applied literally and defendants are denied either an opportunity to answer the requests as of time or some other form of relaxation from the effect of the rule, the defense in this case is destroyed. We granted leave to appeal primarily because plaintiffs took the position before us that they would insist at the trial that the constructive admissions mentioned are now inexorably binding against defendants.
Present counsel for defendants were substituted, shortly before the pretrial notice went out, for the original attorney who filed the answer and the August 1964 answers to the requests for admissions, as the affidavits explain, because the *453 first attorney would have to testify at trial to contested facts within his personal knowledge. Failure to make timely answers to the requests for admissions and to pursue discovery proceedings promptly is sought to be justified on the basis of negotiations for settlement between original counsel. This is not a satisfactory excuse, since most litigation is likely to be the subject of settlement discussion; and discovery and other pretrial proceedings must consequently not be suspended for any such reason if the purpose of the rules to achieve expeditious disposition of the mounting volume of litigation is to be achieved.
Nevertheless, under all the circumstances here presented, it seems to us unjust for defendants in effect to be prevented from making their principal defense to the action by giving R.R. 4:26-1 the literal effect argued for by plaintiffs in the respects discussed. Appropriate relief should be afforded defendants either by extending the 20-day period for response to a request for admissions, as the court is expressly permitted to do under the rule, or by relaxing the rule in such manner as may appeal to the discretion of the trial court.
Order modified. Costs on this appeal to respondents.