213 N.J. Super. 398 (1986)
517 A.2d 498
HENRY B. HUNGERFORD, PLAINTIFF-APPELLANT,
v.
GREATE BAY CASINO CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1986.
Decided November 3, 1986.
*400 Before Judges MICHELS and SKILLMAN.
Henry B. Hungerford, submitted a brief pro se.
Frederich H. Kraus, attorney for respondent.
The opinion of the court was delivered by SKILLMAN, J.A.D.
Plaintiff, Henry B. Hungerford, is the owner of 600 shares of the common stock of defendant, Greate Bay Casino Corporation (Greate Bay). The management of Greate Bay proposed a buy-out of its stockholders, described by its financial consultant as a "going private transaction," at a price of $17 per share. By letter dated June 12, 1985, plaintiff advised Greate Bay that he found its buy-out offer unacceptable. The letter contained an analysis prepared by plaintiff to demonstrate that the actual fair market value of his stock was approximately $45 per share.
On September 11, 1985, plaintiff filed a pro se complaint seeking judgment against Greate Bay in the amount of $45 per share for his stock. The first paragraph alleged that $17 per share paid by Greate Bay "understated" the value of its stock and that "I intend to prove the correct cash value is $45/share *401 for Class `A' Common Stock." Paragraph 2 set forth in detail the analysis prepared by plaintiff to demonstrate that the actual fair market value of the Greate Bay stock was $45 per share.
On December 17, 1985, Greate Bay's counsel mailed interrogatories and requests for admissions to plaintiff. Request number 8 sought an admission by plaintiff that "[t]he offer of $17.00 to the public shareholders of the company was fair and reasonable." Plaintiff acknowledged receipt of these documents by a note dated December 19, 1985, which indicated that he would try to furnish Greate Bay's counsel with answers "in the next couple of days." The note also stated that "[m]y position with facts was sent to your office in an earlier letter," obviously referring to the June 12th letter.
Plaintiff did not answer the requests for admissions within 30 days. On January 22, 1986, Greate Bay filed a motion for summary judgment. The sole basis for the motion was that the requests for admissions, which included the assertion that the offer to Greate Bay's shareholders of $17 per share was fair and reasonable, were deemed to have been admitted pursuant to R. 4:22-1 due to plaintiff's failure to answer within 30 days.
On or about January 29, 1986, plaintiff sent Greate Bay's counsel his answers to the requests for admissions, which included a denial of request number 8. In these answers plaintiff stated: "I request the court accept this reply in its late form."
On February 11, 1986, plaintiff filed a response to the motion for summary judgment which stated, among other things: "[a]s I stated in the original complaint, the $17/share is not a fair and reasonable value." Plaintiff also pleaded for an opportunity to have his case decided on its merits.
Greate Bay was notified by a letter from a law clerk, dated February 28, 1986, that its motion had been granted:
[The trial judge] has reviewed the papers in this matter and has ordered that the motion be:

*402 Granted  Requests for admissions were served upon [plaintiff] on 12/19/85. Answers were required by 1/18/86. [Plaintiff] has failed to submit timely answers; neither has he sought an extension [sic] within which to answer. Failure to deny results in an admission of the fact stated. Here the fact deemed to have been admitted is the fair value of [defendant's] stock at $17 per share once the means by which said evaluation was approved. Having admitted that the $17 evaluation was the fair and reasonable value, no justifiable issue remains.
Accordingly, summary judgment was entered in favor of Greate Bay. Plaintiff appeals and we reverse.
Before addressing the merits of plaintiff's appeal, we consider it necessary to comment briefly upon the procedures followed by the trial judge. Rule 4:46-2 requires a trial court, in ruling upon a motion for summary judgment, to "find the facts and state its conclusions in accordance with R. 1:7-4." Here the trial judge provided no findings of fact or conclusions of law. Rather, the only explanation provided the parties for the trial judge's decision was a letter, mostly handwritten, from a law clerk. No authorization exists in our court rules for the performance of any judicial function by a law clerk, including the issuance of factual findings or conclusions of law. Any motion must be decided by the trial judge. Consequently, when findings of fact and conclusions of law are required, they should be issued by the trial judge.
Although the law clerk's letter recites that "plaintiff has failed to submit timely answers, neither has he sought an extention [sic] within which to answer," plaintiff in fact served answers to the requests for admissions on or about January 29, 1986 and thereafter filed opposition to the Greate Bay's motion for summary judgment.[1] We conclude that these opposition papers should have been treated as a motion to extend time, nunc pro tunc, to answer the requests for admissions. Plaintiff *403 was appearing pro se and one of the obvious objectives of his response to Greate Bay's motion for summary judgment was to have the court treat his answers to the requests for admissions as having been timely filed.
We also conclude that the trial judge abused his discretion in not granting an extension of time. A trial judge has the power pursuant to R. 4:22-1 to extend the time for answering requests for admissions, and that power should be exercised where required in the interests of justice. See Klimowich v. Klimowich, 86 N.J. Super. 449 (App.Div. 1965). In this case the requests for admission were served shortly after the complaint was filed. Furthermore, the pro se plaintiff twice notified Greate Bay's counsel that he was preparing an answer, once in writing upon initial receipt of the request and again by telephone on the approximate date when the answer was due. He then served the answer approximately 10 days beyond the expiration of the normal 30-day period for answering requests for admissions. Under these circumstances it is clear to us that an extension of time should have been granted.
Moreover, even if the requests for admissions were deemed admitted, the motion for summary judgment should have been denied because the request which provided the basis for the motion was improper. Request number 8, which asked plaintiff to admit that "[t]he offer of $17.00 to the public shareholders of the company was fair and reasonable," did not seek an admission of an underlying fact but rather of the ultimate issue in the case. In Essex Bank v. Capital Resources Corp., 179 N.J. Super. 523, 533 (App.Div. 1981), certif. den. 88 N.J. 495 (1981), we held that "... a request for admissions should not be used in an attempt to establish the ultimate fact in issue." Greate Bay plainly violated this limitation upon the use of requests for admissions.
In addition, through his letter of June 12th and paragraph 2 of his complaint plaintiff had already notified Greate Bay before the requests for admissions were made that in his *404 opinion the $17 per share price was not fair and reasonable. Therefore, the only possible purpose of requesting an admission by plaintiff contrary to his previously stated opinion was the hope that he would not answer and that his failure to answer could be used to seek judgment against him. This is a patently improper use of a request for admissions. The purpose of requests for admissions is to streamline litigation by "weeding out items of fact and proof over which there is no dispute, but which are often difficult and expensive to establish by competent evidence, and thereby expedite the trial, diminish its cost, and focus the attention of the parties upon the matters in genuine controversy." Klimowich v. Klimowich, supra, 86 N.J. Super. at 452, quoting Hunter v. Erie R.R. Co., 43 N.J. Super. 226, 231 (Law Div. 1956). Requests for admissions should not be used as a tactical device to trap unwary pro se litigants.
Reversed and remanded.
NOTES
[1] The answering papers to the motion included in plaintiff's appendix do not indicate a filing date. However, Greate Bay does not dispute that these papers were served and filed in a timely manner. Indeed, Greate Bay's counsel filed a supplemental certification with the trial court which acknowledged receipt of plaintiff's answering papers.