TAX COURT OF NEW JERSEY



**Joshua D. Novin**
**Judge**

**Court & Washington Streets**
**P.O. Box 910**
**Morristown, New Jersey 07963-0910**
**Tel: (609) 815-2922, Ext. 54680  Fax: (973) 656-4305**

NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE TAX COURT COMMITTEE ON OPINIONS

September 5, 2017

Mr. and Mrs. H. Scott Gurvey
315 Highland Avenue
Upper Montclair, New Jersey 07043

Gary D. Gordon, Esq.
Feinstein, Raiss, Kelin & Booker, LLC
290 W. Mt. Pleasant Avenue, Suite 1340
Livingston, New Jersey 07039

> Re:  H. Scott Gurvey by Amy R. Gurvey, Esq. v. Montclair Township
>       Docket Nos. 000339-2011 and 009992-2017

Dear Mr. and Mrs. Gurvey and Mr. Gordon,

This letter constitutes the court's opinion with respect to plaintiffs' motions: (1) seeking vacatur/reconsideration of portions of the court's May 8, 2017 Order; (2) to admit facts into evidence; and (3) to consolidate plaintiffs' 2011 tax appeal with plaintiffs' 2017 tax appeal.

For the reasons outlined more fully herein, the court: denies plaintiffs' motion seeking vacatur/reconsideration of portions of the court's May 8, 2017 Order; grants, in part, and denies, in part, plaintiffs' motion to admit facts into evidence; and reserves decision on plaintiffs' motion to consolidate plaintiffs' 2011 tax appeal with plaintiffs' 2017 tax appeal, pending the outcome of a plenary hearing on the court's subject-matter jurisdiction over plaintiffs' 2017 tax appeal. The court further instructs plaintiffs to furnish defendant with copies of all environmental tests, reports, analysis, and documents related to the subject property (as defined herein), and referenced in

1

plaintiffs' request for admissions. Finally, the court directs defendant to furnish plaintiffs, as set forth herein, with amended answers to certain request for admissions.

## I. Factual Findings and Procedural History

This matter has a lengthy procedural history, chronicled in the court's May 8, 2017 letter opinion. Plaintiffs, H. Scott Gurvey and Amy R. Gurvey ("plaintiffs") are the owners of the real property and single-family dwelling located at 315 Highland Avenue, in the Township of Montclair, County of Essex, and State of New Jersey (the "subject property"). The subject property is designated Block 705, Lot 1 on the municipal tax map of Montclair Township ("defendant").

On June 28, 2016, plaintiffs filed motions with the court seeking: to compel discovery; to admit facts into evidence; and to find defendant in contempt of court (the "June 28, 2016 motions").[1]

On March 17, 2017, plaintiffs submitted additional motions to the court seeking: entry of a writ of mandamus; leave of court to file an amended complaint; and to vacate the court's December 14, 2011 order, enter reassessment effective December 14, 2011, and for an injunction (the "March 17, 2017 motions").

On May 8, 2017, the court issued a letter opinion and entered an order denying plaintiffs' motions: (1) to compel discovery; (2) to admit facts into evidence; (3) to find defendant in contempt of court; (4) for entry of a writ of mandamus; (5) for leave of court to file an amended complaint; and (6) to vacate the court's December 14, 2011 order, enter reassessment effective December 14, 2011, and for an injunction. However, the court granted leave, under R. 8:6-1(a)(4), directing defendant to: (i) furnish plaintiffs with answers to the 'Tax Court's Standard

---

[1] Disposition of plaintiffs' June 28, 2016 motions was stayed pending plaintiffs' motion for leave to file an interlocutory appeal with the Appellate Division of the Superior Court of New Jersey.

2

Interrogatories to be Served on Municipality' within sixty (60) days of the date thereof; and (ii) furnish responses to plaintiffs' April 8, 2016 requests for admissions within thirty (30) days of the date thereof. The court further directed plaintiffs to furnish defendant, within sixty (60) days of the date thereof, with copies of any environmental tests, studies, analysis and reports for the subject property that had not been previously furnished.

On May 31, 2017, plaintiffs faxed a letter placing the court on "notice" that they would be "moving for an order vacating portions of the court's [May 8, 2017] Order, to renew and reargue and to further amend their complaint. . ."

On July 17, 2017, plaintiffs submitted motions seeking: (1) vacatur/reconsideration of portions of the court's May 8, 2017 Order; (2) to admit facts into evidence; and (3) to consolidate plaintiffs' 2011 tax appeal with plaintiffs' 2017 tax appeal. Defendant submitted timely opposition to these motions.

Oral argument on plaintiffs' motions was conducted on August 18, 2017. Following oral argument, the court requested plaintiffs furnish the court with evidence that the documents referenced in plaintiffs' request for admissions were supplied to defendant. In addition, the court requested defendant furnish the court with a log sheet of the environmental documents and reports received from plaintiffs. Plaintiffs and defendant were to submit such evidence and document log no later than August 25, 2017.

On August 22, 2017, defendant's counsel submitted a list of documents in their possession received from plaintiffs relative to the subject property.

Plaintiffs made no timely submission following oral argument.

3

## II.     Conclusions of Law

### A.  Motion for Vacatur/Reconsideration

Plaintiffs' March 17, 2017 motions sought entry of an order "[v]acating the [December 14,] 2011 order of [Judge] Mala Narayanan that plaintiff could not recover refunds plus interest from defendant for 2011 based on misapplication of NJ's Freeze Act."

On May 8, 2017, the court issued a letter opinion and entered an order denying the relief sought by plaintiffs.  The court's May 8, 2017 letter opinion carefully detailed the court's factual findings and legal conclusions.

Plaintiffs' instant motion now seeks entry of an order "granting vacatur/reconsideration of [certain] portions of Tax Court's May 18, [sic] 2017 decision and order . . ."  Specifically, plaintiffs' motion demands that the court: (i) "enter judgment in favor of plaintiffs for tax refunds plus interest due for all of 2011"; (ii) "find that the October 1, 2011 $0 valuation should have been carried over for 2012"; and (iii) "vacate those parts of the court's May [8,] 2017 [Order] inconsistent with OPRA documents produced by the Essex County counsel in June, 2017."  Additionally, for the first time during oral argument, plaintiffs advanced two new arguments.  First, plaintiffs maintained that they also seek entry of an order vacating those portions of Judge Narayanan's December 14, 2011 Order concluding that the court lacked subject matter jurisdiction over plaintiffs' tax appeal for the 2009 tax year.[2]  Second, plaintiffs asserted that, although the 2012 and 2013 tax year memorandum of judgments issued by the Essex County Board of Taxation correctly identified plaintiffs' mailing address, and contained mailing dates of '10/26/12' and '7/26/13,' plaintiffs never received any of these judgments.  Therefore, plaintiffs maintain that

---

[2] After a lengthy dialogue, plaintiffs seemingly acknowledged that they did not file a tax appeal challenging the 2010 tax year local property tax assessment on the subject property.

they should be permitted to challenge the 2012 and 2013 Essex County Board of Taxation memorandum of judgments.

A motion for rehearing or reconsideration is governed by R. 4:49-2. The rule unambiguously provides, in part, that:

> a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it.
>
> [R. 4:49-2.]

The rule further requires the motion to "state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." Ibid.

A motion for rehearing or reconsideration is granted sparingly. Thus, such a motion will be granted "only for those cases which fall into that narrow corridor in which either: (1) the court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the court either did not consider, or failed to appreciate the significance of probative, competent evidence . . ." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Despite these narrow parameters, a court may "in the interest of justice" consider any "evidence" that the litigant claims is "new or additional . . . which it could not have provided" during the initial hearing. Id. at 401. However, consideration of such evidence is in the court's "sound discretion." Ibid. "[R]epetitive bites at the apple" should not be tolerated or "the core will swiftly sour." Ibid. Therefore, a court must "be sensitive and scrupulous in its analysis of the issues in a motion for reconsideration." Id. at 402.

Here, the court concludes that plaintiffs' motion for vacatur/reconsideration is untimely, under R. 4:49-2. As stated above, on May 8, 2017 the court issued a letter opinion and Order

5

denying plaintiffs' motion to vacate the court's December 14, 2011 Order. Copies of the court's letter opinion and order were electronically mailed to plaintiffs on May 8, 2017, and simultaneously therewith, hard copies were forwarded to plaintiffs by regular mail. Affording plaintiffs all reasonable and legitimate inferences which can be deduced from the evidence, the latest date by which plaintiffs' motion for reconsideration was required to be filed was Wednesday, May 31, 2017. See R. 1:3-3.

Although plaintiffs faxed a letter to the court on May 31, 2017 placing the court on "notice" that they intended to submit a motion for reconsideration, no motion for reconsideration was served and filed with the court until July 17, 2017, approximately seventy (70) days following entry of the court's Order. The court's strict adherence to time periods afforded litigants under R. 4:49-2 is necessary to ensure a timely disposition of matters and an element of finality to the court's decisions. Plaintiffs' May 31, 2017 letter failed to satisfy the prerequisites and fundamental submission requirements for a motion for reconsideration under R. 4:49-2.

Moreover, any attempt by plaintiffs to expand the time allotted under R. 4:49-2 for submission of a motion for reconsideration is not compelling. It is well-settled that "an individual is chargeable with knowledge of the law" and is expected to exercise a reasonable degree of prudence to ensure compliance with statutory deadlines and court rules. Mayfair Holding Corp. v. Township of North Bergen, 4 N.J. Tax 38 (Tax 1982) (citing Gilbralter Factors Corp. v. Slapo, 41 N.J. Super. 381 (App. Div. 1956), aff'd 23 N.J. 459 (1957)). Here, plaintiffs, by pursuing the instant litigation as self-represented parties, bore an obligation to acquaint themselves with the laws of this state and the court rules, including those applicable to motions for reconsideration. Therefore, plaintiffs are charged with the responsibility to adhere to the laws and the rules of court. Plaintiffs' failure to timely file a motion for reconsideration of this court's May 8, 2017 Order and

6

letter opinion is the result of plaintiffs' own conduct and inaction. By failing to timely submit said motion for reconsideration, plaintiffs have not complied with the requirements of R. 4:49-2 and thus, their motion for reconsideration must be denied as untimely.

Notwithstanding plaintiffs' failure to comply with the requirements of R. 4:49-2, the court finds a lack of support for the relief being sought by plaintiffs. Plaintiffs argue that new evidence was discovered following entry of the court's May 8, 2017 Order, and that this new evidence warrants relief under R. 4:49-2. Stated simply, plaintiffs contend that the "Essex County Counsel's OPRA documents just produced, do not include a Tax Board Judgment for 2010," therefore plaintiffs "got no Judgment in 2010 from which to appeal, making [the] Tax Court's August 2011 hearing a waste of Plaintiffs' time and valuable resources." Additionally, plaintiffs charge that the court, "now having before it another current report finding 3% and 4% chrysotile asbestos levels in the original plaster ceilings, was required to enter judgment in favor of plaintiffs for tax refunds plus interest due for all of 2011."

In response, defendant characterizes plaintiffs' motion for reconsideration as an effort by plaintiffs to re-argue the merits of their former motion for summary judgment. Defendant notes that "[i]t seems that in this motion the plaintiffs are again seeking a summary judgment from the court with respect to the valuation of their home," and that "[t]his issue has been raised interminably and has been decided." Defendant asserts that plaintiffs are "seeking the Township to issue refunds based upon that valuation and are seeking sanctions against the Township for issuing 'fraudulent increases' in their taxes," when "[a]ll the Township of Montclair did was to tax the plaintiffs based upon the assessed valuation of the property."

Here, plaintiffs' motion fails to establish any basis warranting relief under R. 4:49-2. Plaintiffs have not demonstrated that the court's May 8, 2017 Order was based upon a palpably

incorrect or irrational basis, or that the court did not consider, or failed to appreciate the significance of the probative and competent evidence presented. In fact, the record discloses that plaintiffs and defendant submitted extensive legal briefs to the court and the court considered the parties' arguments and legal positions before rendering its opinion and issuing its order.

In addition, a review of the alleged newly discovered evidence does not lead the court to conclude that Judge Narayanan's December 14, 2011 Order, was: (i) entered by mistake, inadvertence, surprise, or excusable neglect; (ii) fraud, misrepresentation, or other misconduct of an adverse party; (iii) is void; or (iv) has been satisfied, released or discharged. See R. 4:50-1.

Plaintiffs' motion raises substantially the same arguments as were raised before Judge Narayanan in 2011, when moving for reconsideration of her December 14, 2011 Order. Judge Narayanan's comprehensive February 23, 2012 letter opinion addressed her basis for consideration of "the court's subject-matter jurisdiction for tax years 2009 and 2010. . ." and observed that the parties "fully briefed the jurisdiction issue for tax years 2009 and 2010." After conducting a plenary hearing, Judge Narayanan concluded that despite plaintiffs' allegations, the court lacked subject matter jurisdiction over plaintiffs' tax appeals for the 2009 and 2010 tax years. Nothing offered by plaintiffs in support of the instant motion for reconsideration leads this court to conclude that the alleged newly discovered evidence would alter the court's December 14, 2011 Order. R. 4:50-1.

Moreover, plaintiffs raised allegations – for the first time during oral argument in the instant motion – that were never advanced in either their June 28, 2016 motions or March 17, 2017 motions and, thus, are not properly before this court on a motion for reconsideration. Specifically, plaintiffs' allege that they did not receive copies of the Essex County Board of Taxation's memorandum of judgments for the 2012 and 2013 tax years. However, in neither their June 28,

8

2016 motions, nor March 17, 2017 motions, did plaintiffs raise the issue of the court's subject-matter jurisdiction over the tax assessments for the subject property for the 2012 and 2013 tax years. In addition, the court's May 8, 2017 Order and letter opinion does address the court's subject-matter jurisdiction for the 2012 or 2013 tax years. Thus, plaintiffs' efforts to address, in a motion for reconsideration, issues not raised in the initial March 17, 2017 motions, is misplaced.

Further, plaintiffs' allege that, because they did not receive the 2012 and 2013 tax year Essex County Board of Taxation memorandum of judgments, the court's December 14, 2011 Order was in error. However, Judge Narayanan's December 14, 2011 Order concluded only that "this court does not have subject-matter jurisdiction over plaintiffs' appeals for tax years 2009 and 2010" and that "this court does have subject-matter jurisdiction to hear plaintiffs' complaint for tax year 2011." Judge Narayanan agreed with plaintiffs' assertion that the court possessed subject-matter jurisdiction over the 2011 tax year appeal, but expressed no opinion on the court's subject-matter jurisdiction for the 2012 and 2013 tax years.

In sum, plaintiffs' motion for reconsideration simply repeats and reiterates the arguments that have already been proffered to and considered by the court in denying their motion to vacate Judge Narayanan's December 14, 2011 Order. Plaintiffs offer this court no "controlling decisions which [they] believe[] the court has overlooked or as to which it has erred" under R. 4:49-2. Reconsideration is not to be manipulated as a means to "reargue a motion." Capital Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div.), certif. denied, 195 N.J. 521 (2008). Plaintiffs' disagreement with this court's May 8, 2017 decision is not grounds for this court to reverse itself via reconsideration. "A litigant should not seek reconsideration merely because of dissatisfaction with a decision of the Court. Rather, the preferred course to be followed when one is disappointed with a judicial determination is to seek relief by means of either a motion

9

for leave to appeal or, if the Order is final, by a notice of appeal." D'Atria, supra, 242 N.J. Super., at 401.

Accordingly, for the above stated reasons, plaintiffs' motion for vacatur/reconsideration of the court's May 8, 2017 Order is denied.

### B. Motion to Admit Facts into Evidence

R. 4:22-1 permits any party to serve upon any other party a "written request for the admission. . . of the truth of any matters of fact within the scope of R. 4:10-2 . . . [c]opies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying." R. 4:22-1. A request for admission shall be deemed admitted unless the receiving party, within thirty days following service of the request, furnishes an answer or objection to the request, signed by the party or by the party's attorney. R. 4:22-1.

"The purpose of a request for admissions is to establish matters to be true for purposes of trial when there is not a real controversy concerning them yet their proof may be difficult or expensive." Essex Bank v. Capital Resources Corp., 179 N.J. Super. 523, 532 (App. Div. 1981), cert. denied, 88 N.J. 495 (1981). A request for admissions is intended to serve "the relatively limited purpose of eliminating the necessity of proving facts which are or should be uncontroverted." Ibid. (citing Van Langen v. Chadwick, 173 N.J. Super. 517, 522 (Law Div. 1980)). However, a request for admissions is not a discovery device designed:

> to ascertain relevant facts, but rather to ascertain the adversary's position with respect to these facts, with the aim of facilitating the trial by weeding out items of fact and proof over which there is not dispute, but which are often difficult and expensive to establish by competent evidence, and thereby expedite the trial, diminish its cost, and focus the attention of the parties upon the matters in genuine controversy.

10

[Hunter v. Erie R.R. Co., 43 N.J. Super. 226, 231 (Law Div. 1956) (citing Schnitzer and Wildstein, New Jersey Rules Service, AIV-727).]

Thus, a request for admissions is not a means to attempt to establish liability, or to relieve the demanding party of its trial proofs. A request for admissions "should not be used in an attempt to establish the ultimate fact in issue." Essex Bank, supra, 179 N.J. Super. at 533. Nor are request for admissions intended to elicit opinion responses. Van Langen v. Chadwick, 173 N.J. Super. 517, 522 (Law Div. 1980). A request for admissions can be an effective and important tool in establishing underlying factual matters, over which there is no conflict or disagreement.

When the demanding party deems the appropriateness of a response inadequate, they "may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order that the matter is admitted or that an amended answer be served." R. 4:22-1.

Although plaintiffs caption their motion as one seeking to "admit facts into evidence," the body of plaintiffs' certification and argument challenges the timeliness and sufficiency of defendant's responses. Plaintiffs charge that they did not receive defendant's responses to the request for admissions until June 14, 2017, more than thirty days after the May 8, 2017 deadline ordered by the court. Moreover, plaintiffs assert that "defendant's responses to the requests to admit are deficient, [and] do not comply with the letter or intent of R. 4:22-1. . ." Plaintiffs maintain that they furnished defendant with twenty groupings of documentary information in this matter, enabling defendant to timely respond to the request for admissions. Finally, plaintiffs argue that they "informed defendant that it's [sic] answers to the questions to admit were both deficient in substance and not timely as served." Thus, plaintiffs request the court enter an order admitting

11

"the facts listed in the Appendix attached to this order. . ." The appendix to plaintiffs' proposed form of order contains a restatement of plaintiffs' April 8, 2016 requests for admissions.

In response, defendant's counsel asserts that he "reviewed the entirety of the file supplied to this office by prior counsel, and virtually none of the documents referenced in Paragraph 17 of the plaintiffs' declaration are included." Defendant's counsel asserts that since he was "not privy to those documents, it is impossible to respond to the Request for Admissions other than to indicate, which we did, that that information is within the knowledge of the plaintiffs and the Township of Montclair is not in the position to admit or deny such requests."

Here the issues facing the court are what is the value of the subject property as of the October 1, 2010 valuation date, whether the subject property was contaminated by asbestos and mold spores as of that date, the extent of such contamination, the costs to cure or remediate such contamination, and the effects of such contamination on the value of the subject property. The court's examination of plaintiffs' request for admissions discloses that plaintiffs' sought responses from defendant to ten questions, several of which were multifaceted. In response, defendant admitted, in part, question 5, denied question 10, and issued responses to the remaining 8 questions with a recitation that defendant "can neither admit nor deny the allegations" because either a term was not defined, defendant did not conduct any testing, or such documents and information are "in the possession of the plaintiff."

The court's review of plaintiffs' request for admissions reveals that several questions solicit admissions from defendant with respect to the alleged cause and resultant damage to the subject property, the accuracy of environmental test results, and the scope of remediation performed on the subject property by third parties. Specifically, plaintiffs seek admissions from defendant that include: whether efforts to repair an alleged water leak caused "construction debris" to be "spread

12

throughout" the house on the subject property; whether the "construction debris" from the subject property contained "friable asbestos at levels exceeding levels considered safe for occupancy"; whether the house was "sealed, [while] asbestos and mold remediation efforts were in progress" by a "corporation licensed to perform asbestos remediation"; and whether the house was "habitable" on October 1, 2010. Thus, several requests solicit admissions of the ultimate factual issues and matters of opinion to be determined by the court in this matter. However, when an answering party objects to a request for admission, reciting a lack of information or knowledge, they must represent that "a reasonable inquiry was made and that the information known or readily obtainable is insufficient to enable an admission or denial." No such affirmative representation was contained in defendant's Responses to Plaintiffs' Request for Admissions. Thus, defendant's responses did not strictly conform to the requirements of R. 4:22-1. Nonetheless, because plaintiffs' request for admissions numbered 2, 3, 4, 8, and 9 attempted to establish the ultimate facts in issue, or elicit opinion responses, the court concludes that they were inappropriate demands under R. 4:22-1 and therefore, must be stricken.

However, the court observes that defendant admitted, in part, the content of request for admission number 5. Accordingly, the court will admit, as part of the record in this matter, that: (i) on October 26, 2009, a hearing was conducted before the Essex County Board of Taxation; and (ii) Commissioner Robert Gaccione presided over said hearing; and (iii) Joan M. Kozeniesky, the former Tax Assessor for Montclair Township appeared on behalf of Montclair Township at such hearing.

Additionally, the court highlights that defendant offered no explanation, in response to plaintiffs' motion, for the tardiness of the responses to request for admissions numbered 1, 5, 6, 7, and 10. R. 4:22-1 deems a request "admitted unless, within 30 days after service of the request,

13

or within such shorter or longer time as the court may allow, . . serves upon the party requesting the admission a written answer or objection. . ." Here, on May 8, 2017, the court ordered defendant to "furnish responses to plaintiffs' April 8, 2016 requests for admissions within thirty (30) days. . ." It was not until June 13, 2017, approximately 36 days after the request for admissions were deemed served, that defendant forwarded plaintiffs "our response to the request for admissions." Notwithstanding the strict time periods specified under R. 4:22-1, the court is permitted to relax same, or if the court determines that an answer does not comply with the requirements of the rule, "may order that the matter is admitted or that an amended answer be served." R. 4:22-1. See also Klimowich v. Klimowich, 86 N.J. Super. 449, 452 (App. Div. 1965); Hungerford v. Greate Bay Casino Corp., 213 N.J. Super. 398, 404 (App. Div. 1986).

Here, defendant's counsel asserts that "virtually none of the documents referenced in Paragraph 17 of the plaintiffs' declaration are included" in defendant's counsel's files, or accompanied plaintiffs' request for admissions. Moreover, although the court requested plaintiffs' furnish the court with evidence that the documents referred to in plaintiffs' request for admissions were supplied to defendant, plaintiffs failed to furnish such evidence to the court. Therefore, a genuine issue exists whether defendant was in possession of copies of the documents referenced in plaintiffs' request for admissions, or the documents referred to in paragraph 17 of the plaintiffs' declaration in support of the motion, to permit a timely response.

Accordingly, the court directs plaintiffs to furnish defendant with copies of any and all environmental studies, remediation, analysis, reports, work orders, and invoices concerning the alleged asbestos and mold contamination of the subject property, including any document, paper, certificate, record, attachment, or thing referenced in request for admissions 1, 5, 6, 7 and 10, no later than Tuesday, September 19, 2017. Defendant shall furnish plaintiffs with amended

14

responses to request for admissions 1, 5, 6, 7, and 10, no later than Thursday, October 19, 2017.

### C. Motion to Consolidate

Plaintiffs move before the court to consolidate their 2017 local property tax appeal, with plaintiffs 2011 local property tax appeal.

R. 8:8-3(a) governs the consolidation of actions in the New Jersey Tax Court:

> The Tax Court on its own motion or on a party's motion may consolidate actions if they present a common question of law or fact, involve the same property or related properties or the same or similar proofs.

[R. 8:8-3(a).]

In their motion to consolidate, plaintiffs assert that the 2011 and 2017 tax appeal involve the same property and present common questions of law and of fact. Plaintiffs allege that their 2017 tax appeal is based on "continuing asbestos remediation and reconstruction of plaintiffs' home from sudden collapse of asbestos-containing plaster ceilings." Plaintiffs contend that a Memorandum of Judgment was entered by the Essex County Board of Taxation "on or about June 16 2017 after [a] hearing before Commissioner Peter Stewart in May 2017." According to plaintiffs, Commissioner Stewart represented that "plaintiffs would get a judgment to consolidate [the 2017 tax appeal] with the instant 2011 continuing asbestos remediation appeal. . ."

On June 16, 2017, the Essex County Board of Taxation mailed the memorandum of judgment to plaintiffs with respect to their 2017 petition of appeal. On July 14, 2017, plaintiffs filed "a notice of appeal to Tax Board's Judgment at the Tax Court Management Office with supporting documents based on continuing asbestos remediation, forced relocation and continued reconstruction of plaintiffs' home." Plaintiffs assert that, "pursuant to Commissioner's advice," they now move before this court to consolidate their 2017 tax appeal with their 2011 tax appeal.

More importantly, plaintiffs argue that, because "jurisdiction was assumed over plaintiffs' 2017 appeal by the [Essex County] Tax Board in 2017" and "Commissioner [Stewart] expressly rejected defendant's argument that plaintiffs' appeal filed on or about April 13, 2017. . . could not be considered," the "appeal to [Essex County] Tax Board's Judgment affirming defendant's 2017 tax assessment is now properly consolidated with the 2011 appeal."

Plaintiffs further note that their 2017 appeal to the Tax Court is "based on continuing chrysotile asbestos issues, remediation and reconstruction of plaintiffs' home since the initial massive and sudden first level plaster ceiling collapse and contamination events of May 5-6, 2009," whereby, they assert, there was contamination of their home's HVAC system. In their motion, plaintiffs highlight that "[t]he home was quarantined by the State for airborne asbestos remediation through December 14, 2011," and that air testing in the home "performed by plaintiffs' contractor EnviroVision in February, 2010 [] was positive for toxic levels of chrysotile asbestos." EnviroVision's positive air tests reports finding total contamination have been before this court since 2011, assert plaintiffs, when the court "assumed jurisdiction of all three uninterrupted contamination appeals." In essence plaintiffs suggest that the two tax appeals at issue here – for the 2011 tax year, and for the 2017 tax year – present a common question of law and of fact, and that, because of this and the fact that both appeals concern the subject property, consolidation of the appeals is appropriate.

Defendant maintains that "[i]f in fact the 2017 appeal was properly and timely filed, the Township has no objection to consolidating this appeal with the pending 2011 appeal." However, defendant offers no factual basis, support, or other evidence to the court that plaintiffs' 2017 local property tax appeal to the Essex County Board of Taxation was filed timely or untimely.

Initially, the court observes that the June 1, 2017 Memorandum of Judgment issued by the Essex County Board of Taxation dismissed plaintiffs' 2017 Petition of Appeal with prejudice, under judgment code 5F, with the notation "presently pending in Tax Court." However, more critically, plaintiffs state in their declaration in support of motion to consolidate that, "plaintiffs appeal [was] filed on or about April 13, 2017" with the Essex County Board of Taxation. Moreover, during oral argument on April 28, 2017 with respect to plaintiffs' March 17, 2017 motions, plaintiffs represented to the court that they filed, or attempted to file, a Petition of Appeal challenging their 2017 tax year local property tax assessment with the Essex County Board of Taxation on or about April 12, 2017.

It is well-settled that the Tax Court is a "court of limited jurisdiction." McMahon v. City of Newark, 195 N.J. 526, 542-543 (2008). The court's "jurisdiction is constrained by the language of its enabling statutes." Prime Accounting Dept. v. Twp. of Carney's Point, 212 N.J. 493, 505 (2013). The statutory jurisdiction conferred on the court is expressed, in part, as the authority "to review actions or regulations with respect to a tax matter of. . . (2) [a] county board of taxation; (3) [a] county or municipal official…" N.J.S.A. 2B:13-2. However, strict compliance with filing deadlines is a crucial condition precedent to conferring jurisdiction on the court. As our Supreme Court has expressed, the "failure to file a timely appeal is a fatal jurisdictional defect." F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424-25 (1985). Taxpayers are required to "file timely. . . appeals and that they are barred from relief if they fail to do so." Hackensack City v. Bergen County, 24 N.J. Tax 390, 401 (App. Div. 2009) (quoting Horrobin v. Director, Division of Taxation, 1 N.J. Tax 213, 216 (Tax 1979)). See also Mayfair Holding Corp. v. North Bergen Township, 4 N.J. Tax 38, 41 (Tax 1982). A "strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local

17

government." F.M.C. Stores Co., supra, 100 N.J. at 424-25 (citing Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214 (1961)). Thus, the failure to timely file a complaint will deprive the court of jurisdiction even in the absence of harm to the defendant. Lawrenceville Garden Apartments v. Township of Lawrence, 14 N.J. Tax 285 (App. Div. 1994). A court's subject-matter jurisdiction cannot be conferred, nor waived, by agreement of the parties. See R. 4:6-2(a); R. 4:6-7.

Pursuant to N.J.S.A. 54:3-21(a)(1), a taxpayer feeling aggrieved by the assessed value of the taxpayer's property in a taxing district:

> may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $1,000,000.

> [N.J.S.A. 54:3-21(a)(1).]

However, when a taxing district has implemented a municipal-wide revaluation or municipal-wide reassessment, "a taxpayer. . . may appeal before or on May 1 to the county board of taxation by filing with it a petition of appeal or, if the assessed valuation of the property subject to the appeal exceeds $1,000,000, by filing a complaint directly with the State Tax Court." N.J.S.A. 54:3-21(a)(1).

In carrying out its statutory duties, the Tax Court is required to "determine all issues of fact and of law de novo." N.J.S.A. 2B:13-3(b). A de novo hearing offers the reviewing court the opportunity to consider the matter "anew, afresh [and] for a second time." Romanowski v. Brick Township, 185 N.J. Super. 197, 204 (1982), aff'd o.b., 192 N.J. Super. 79 (App. Div. 1983). It is

18

incumbent upon the reviewing court, in a de novo proceeding, to make its own findings of fact. All relevant facts must be considered, "whether or not they were previously considered. . . in making the assessment." Middlesex Water Co. v. Director, Division of Taxation, 3 N.J. Tax 233 (Tax 1981). In tax appeal matters, the reviewing court is required to review an assessment and "apply the same statutory criteria that direct the assessor in the discharge of his statutory duty." Chevron U.S.A., Inc. v. City of Perth Amboy, 9 N.J. Tax 571, 581 (Tax 1988). The decisions of the Tax Court "must be based on the evidence before it and the data that are properly at its disposal. It must also be consistent with the issues as framed by proper pleadings or settled presumptive rules reflecting the underlying policy that government action is valid." F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 430 (1985).

Here, the record is devoid of any evidence of the date the bulk mailing of notification of assessment was completed in the defendant taxing district for the 2017 tax year. Therefore, the court is unable to discern the timeliness of plaintiffs' challenge to its 2017 local property tax assessment before the Essex County Board of Taxation, and the resulting jurisdiction of this court. Accordingly, the court will schedule a plenary hearing on the court's subject-matter jurisdiction over plaintiffs' 2017 tax appeal, and offer the parties an opportunity to present evidence, with respect to the timeliness of plaintiffs' 2017 Petition of Appeal before the Essex County Board of Taxation including, but not limited to, the effect of entry of the Essex County Board of Taxation's judgment dismissing plaintiffs' 2017 Petition of Appeal with prejudice. Therefore, the court reserves decision on plaintiffs' motion to consolidate its 2011 tax appeal with its 2017 tax appeal pending the outcome of the plenary hearing on subject-matter jurisdiction.

### III. Conclusion

For the foregoing reasons, the court denies plaintiffs' motion seeking

vacatur/reconsideration of the court's May 8, 2017 Order; grants, in part, and denies, in part, plaintiffs' motion to admit facts into evidence; and reserves decision on plaintiffs' motion to consolidate plaintiffs' 2017 tax appeal with plaintiffs' 2011 tax appeal, pending the outcome of a plenary hearing on this court's subject-matter jurisdiction over plaintiffs' 2017 tax appeal

Very truly yours,


/s/Hon. Joshua D. Novin, J.T.C.