# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3705-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL WING,

     Defendant-Appellant.

_____

> Submitted December 20, 2023 – Decided January 11, 2024
>
> Before Judges Accurso and Gummer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 13-10-1340.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).
>
> Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

No authorization exists in our court rules for the performance of any judicial function by a law clerk, including the issuance of factual findings or conclusions of law. Any motion must be decided by the trial judge.

[Hungerford v. Greate Bay Casino Corp., 213 N.J. Super. 398, 402 (App. Div. 1986).]

This rule applies equally to post-conviction-relief proceedings. Here, unfortunately, the statement of reasons accompanying the court's order of June 30, 2022, denying defendant's petition for PCR and his motion to withdraw his plea, although issued by the judge who presided over the evidentiary hearing, was authored by her law clerk.

As our Supreme Court regularly reminds, "a PCR petition is a defendant's last chance to challenge the 'fairness and reliability of a criminal verdict in our state system.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. Feaster, 184 N.J. 235, 249 (2005)). As "[o]ur system of criminal justice is not infallible," "the PCR proceeding must provide [a defendant] a meaningful opportunity" to expose any error resulting in a miscarriage of justice. Ibid. Because defendant was deprived of that opportunity by an evidentiary hearing in which the findings of fact and conclusions of law were made by a law clerk instead of by a Superior Court judge, we vacate the order

and remand the matter to another judge for a new evidentiary hearing. We add only the following.

This is the second time we've vacated an order dismissing defendant's first PCR petition. Defendant was twenty-two-years-old and incarcerated at the New Jersey Training School for Boys in Jamesburg when he forced a fourteen-year-old boy to touch defendant's genitals over his clothes. He was by that time already a Megan's Law registrant, having apparently been adjudicated of two unspecified sexual assaults and two violations of probation. We say unspecified because, as we noted in our prior opinion, the parties have not provided us with the presentence report, "the State's petition for civil commitment or the judgment declaring defendant a sexually violent predator, although the record appears to indicate the judge [who was also the sentencing judge and took defendant's plea] reviewed all three before rendering a decision" dismissing defendant's petition without an evidentiary hearing. State v. Wing, No. A-2047-19 (App. Div. Jun. 1, 2021) (slip op. at 11 n.1; 21, n.6).[1]

---

[1] The State noted at the hearing on remand that neither plea counsel nor the State had been in possession of the State's petition for civil commitment or the judgment declaring defendant a sexually violent predator at the time of the plea. We are, of course, aware of that, as neither had yet occurred. Plea counsel was, however, aware of defendant's Megan's Law status when defendant entered his plea and eventually in possession of the pre-sentence report. And, judging from

A-3705-21

Those documents are obviously important to evaluating the advice defendant received in connection with his negotiated plea to fourth-degree criminal sexual contact for which he was to serve only eighteen months, but which apparently resulted in his being civilly committed to the Special Treatment Unit for potentially the rest of his life. The SVP documents, in particular, may shed some light on the likelihood of civil commitment to one in defendant's position following his guilty plea. The judge on remand must evaluate plea counsel's efforts to understand — and explain to his twenty-two-year-old client — the likely ramifications of the plea for future civil commitment in light of defendant's very serious juvenile history. Cf. State v. Gaitan, 209 N.J. 339, 371 (2012) (noting the United States Supreme Court in Padilla v. Kentucky, 559 U.S. 536 (2010), held "that constitutionally effective assistance of counsel requires advice about a civil penalty imposed by the Executive Branch . . . after the criminal case is closed").

At the evidentiary hearing on remand, plea counsel testified that before reviewing the plea form with defendant at the courthouse shortly before the

---

the judge's remarks at the first PCR hearing, the PCR court obtained the SVP file and reviewed it as well as the pre-sentence report prior to issuing its decision. Both the SVP file and the pre-sentence report are to be provided to the PCR court and made a part of the record on remand.

plea hearing, counsel had not had any discussion with defendant "about the fact that, by pleading to anything, he could face the rest of his life locked up." Plea counsel testified,

> [l]ike the immigration on the plea forms, I believe my duty was to read [defendant] the forms word for word and he was advised that he "may," not that he "will" or "shall" be civilly committed for life. It's a risk and I believe, as his attorney, I just have to advise him on what the form says. And it was he "may be" civilly committed if there's a finding later, down the road.

Between the time of his plea and his sentencing, defendant had been moved to Avenel. When asked why counsel didn't correct defendant's statement at his sentencing that "When this 18 months is finished, I'll be heading — I'll come home," plea counsel responded, saying

> I did not correct him at all. I know those were his hopes and his dreams, but in no way did I have any control over what would happen at that future — future hearing. I believe that's held in my absence. I've never participated in one. It has nothing to do with me. That's another step, another level. I did not correct him.

We note defendant was represented by the Public Defender in connection with his plea. The Office of the Public Defender, through its Division of Mental Health Advocacy, "provides legal representation for individuals committed involuntarily under the 'Sexually Violent Predators'

Law."  Division of Mental Health Advocacy, Office of the Public Defender, https://www.nj.gov/defender/services/mha/ (last visited Dec. 27, 2023) [https://perma.cc/W4QT-PEM8].  Plea counsel should be asked at the remand hearing whether he consulted the SVP lawyers in his Office about the likelihood of civil commitment for defendant in light of his juvenile record, and whether they offered advice about anything that could be done in connection with the plea to mitigate the risk of civil commitment.

The court must also consider whether underlining the questions on the plea form designed to alert a defendant to the possibility of civil commitment and advising him he "may" be civilly committed for life was within the range of professionally competent assistance sufficient to discharge counsel's responsibility to this defendant, given his age and juvenile record.  See State v. Bellamy, 178 N.J. 127, 139 (2003) (holding "[t]he failure of either the court or defense counsel to inform [the] defendant that a possible consequence of a plea to a predicate offense under the [Sexually Violent Predator] Act is future confinement for an indefinite period deprives that defendant of information needed to make a knowing and voluntary plea").  Of course, even were defendant to establish deficient performance, he would still need to establish "a reasonable probability that, but for counsel's errors, [he] would . . . have

A-3705-21

decided to forego the plea agreement and would have gone to trial." State v. McDonald, 211 N.J. 4, 30 (2012); Hill v. Lockhart, 474 U.S. 52, 59 (1985).

We offer no opinion on those questions, nor whether defendant should be permitted to withdraw his guilty plea for the reasons discussed in our prior opinion. Wing, A-2047-19 (slip op. at 18-22). We stand by that opinion and direct the court and counsel to abide by its terms and those included here in conducting a new evidentiary hearing on remand before a different judge as expeditiously as reasonably possible. We do not retain jurisdiction.

Vacated and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3705-21